Frank P. PATRANELLA et al., Appellants,

v.

Charles H. DRAKE, Appellee.

No. 3693.

Court of Civil Appeals of Texas.

Waco.

Nov. 25, 1959.

Rehearing Denied Dec. 10, 1959.

Bryan & Patton, Houston, for appellant.

Mac L. Bennett, Jr., Normangee, for appellee.

McDONALD, Chief Justice.

This is a venue case involving subdivisions 9 and 9a, Article 1995, Vernon's Ann.Tex.St. Plaintiff Drake brought suit in Madison County for personal injuries resulting from a collision between his pickup truck and a dump truck owned by defendant Patranella and driven by defendant Walker. Plaintiff alleged that the collision occurred in Madison County as the result of various acts of negligence on the part of defendant Walker, who was driving the dump truck while acting in the scope and course of his employment for defendant Patranella, who was the owner of the dump truck. Both defendants Walker and Patranella filed pleas of privilege to be sued in Brazos County, the county of their residence. Plaintiff controverted such pleas, alleging venue existed in Madison County by virtue of Sections 9 and 9a, Article 1995, V.A.T.S. After hearing, the Trial Court overruled both defendants' pleas of privilege.

Defendant Patranella appeals, contending: 1) There is no evidence or insufficient evidence to show any act of negligence or trespass on the part of Patranella; 2) the evidence shows without dispute that the

driver of Patranella's truck was loaned to another master, so that the negligence of the driver could not be imputed to Patranella.

Defendant Walker appeals, contending: 1) That the implied finding of negligence or trespass on his part is against the overwhelming weight and preponderance of the evidence.

We revert to defendant Patranella's 2nd contention, that the evidence is without dispute that defendant Walker was loaned to another master by defendant Patranella. Defendant Patranella testified that he owned the truck involved in the instant collision; that defendant Walker was working for him on 28 October 1958, the date of the collision, and had so worked for him for four or five weeks; that he (Patranella) paid defendant Walker for his work; that he (Patranella) furnished the oil and gas for the truck; that he (Patranella) had never made a trade or deal with The Jarbet Company.

The defendant Walker testified he drove the truck for defendant Patranella; that Patranella paid him by the week.

From the foregoing we think that the Trial Court must be sustained in its implied finding that Walker, at the time of the collision, was the employee of defendant Patranella, and was not the loaned servant of The Jarbet Company, and was in the scope and course of his employment in driving the truck for defendant Patranella. See: Heitkamp v. Krueger, Tex.Civ.App., 265 S.W.2d 655, W/E Ref. N.R.E. We have, moreover, considered the record as a whole and conclude that such findings are not against the great weight and preponderance of all the evidence and that the evidence is ample and sufficient to sustain the findings. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Both defendants Patranella and Walker contend that there is no evidence of negligence or trespass proximately caus-

ing plaintiff's injuries, or that such is against the great weight and preponderance of the evidence or insufficient. We have carefully considered the record before us and conclude that the evidence is ample and sufficient to sustain the Trial Court's implied findings of negligence and/or trespass proximately causing plaintiff's injuries.

All of defendants' points are overruled and the judgment of the Trial Court is affirmed.