**FRABEN OIL CORPORATION, Appellant,**

v.

**Richard J. POTTER, Appellee.**

No. 7333.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 10, 1961.

Harry M. Whittington, Austin, for appellant.

W. A. Pritchard, Bradford & Pritchard, Dallas, for appellee.

CHADICK, Chief Justice.

This is an action by a landlord to collect rent from a tenant in accordance with the terms of a written lease contract. The trial court awarded the plaintiff judgment for rent in the sum of $2,500, attorney's fee

of $500, costs, etc. The judgment is affirmed.

The appellant's first point of error is directed to the trial judge's finding of fact that the appellee, Richard J. Potter, as landlord, complied with his lease obligation to furnish automobile parking space to the tenant, the appellant, Fraben Oil Corporation, as being against the great weight and preponderance of the evidence. The second point puts in issue of the trial judge's failure to find that Potter agreed to furnish continuous available parking space to the oil company's three employees; the third relies upon the evidence as a matter of law to prove that Potter was unable to comply with the lease obligation to furnish parking space.

The written lease signed by the parties made use of a printed form copyrighted by the Dallas Real Estate Board for use in leasing city property. A description of the property, the term of the lease, and the monthly rental was inserted in blanks preceding a series of fourteen stipulations referred to as conditions and covenants. Following the printed stipulations the parties typed in three additional paragraphs numbered fifteen, sixteen and seventeen. The fifteenth was this: "Lessor agrees to furnish heating, air conditioning and janitor service, as well as parking space in an offstreet lot within the same city block."

The trial judge's findings of fact presuppose that he tried the case on the theory that a violation of the lessor's obligation to furnish parking space would justify the oil company in terminating the lease, vacating the premises and refusing to pay rent. The appellee apparently did not oppose this theory in the trial court and has not cross-assigned error in this respect, but does now urge in support of the judgment rendered that the oil company was limited to an action for damages accruing from a breach of the obligation. That is to say, that the agreement to furnish parking space is an independent covenant for which the tenant might have had relief by way of damages.

It is not necessary to pursue the appellee's contention in this regard. See Appeal and Error—Civil, 3 T.J. (2) 634, Sec. 374. The evidence, however, appears to be sufficient to sustain the court's judgment upon the trial theory.

██ The trial judge's findings of fact are entitled to the same weight and conclusiveness on appeal that the verdict of a jury is given on special issues. Appeal and Error—Civil, 4 T.J. (2) 398, Sec. 839, and authorities cited in Note 7. When the judge's finding is attacked as here under point of error No. 1, the rule is that the Court of Civil Appeals will consider all of the evidence and determine the fact question of its weight and preponderance. See In Re King's Estate, 150 Tex. 662, 244 S.W. 2d 660; Penix et al. vs. First Nat. Bank of Paris, Tex.Civ.App., 260 S.W.2d 63, writ refused. The appropriate test of the proof for point 3 is whether reasonable minds might differ on the effect to be given the evidence. See Humble Oil & Refining Company vs. Patton et al., Tex.Civ.App., 344 S.W.2d 234, wr.ref., n. r. e., and authorities cited in headnote 2.

The appellee, Potter, provided the tenants of his office building with a paved parking lot in the same block with the building. Besides the oil company, offices were maintained in the Potter building by the Home Life Insurance Company, Hunt and Joiner, and Farmers Insurance Company. Employees of the oil company testified that all of the parking space on the lot would be filled when they came to work between 8:00 and 8:30 in the morning, and they were forced to park their automobiles elsewhere. From this same source there is evidence that the insurance company held sales meetings every morning, at which time a number of salemen came in, and these salesmen, the employees of other tenants, and perhaps some unauthorized persons, occupied the parking lot, and that it was usually in the afternoon before the oil company's employees could find space on the lot. Complaint was made to Potter, and he tendered some additional parking space near an alley, which the oil company found unsatisfactory.

██ In his own behalf Potter testified that there was ample parking space on the lot for the oil company's employees at all times, that the insurance company's salesmen did not park on the building's parking lot, but in front of the building in a two-hour parking zone; that when he arrived each morning between 9:00 to 9:30 the lot was nearly vacant and was always nearly vacant. He also testified that he had employees watch to prevent unauthorized persons from using the lot. The great weight and preponderance is not against the fact finding.

██ In support of the third point of error the appellant directs attention to the testimony that the lot Potter provided for parking was of such dimension that only eighteen or twenty cars could occupy it, and that the tenants in the building and their employees exceeded that number; which is to say, that at the time the lease was made there were more persons authorized to park on the lot than the lot would accommodate, and the appellee could not as a matter of law perform the obligation he undertook to furnish the oil company's employees with parking space. However, there is other testimony that only six employees of other tenants used the lot regularly, as well as the testimony that the lot had ample space at all times. A distinct issue of fact was made.

In the state of the record the appellant's first and third points must be overruled.

██ Motion has been made to strike appellant's second point of error because the transcript shows no request made for the finding desired by the appellant, or that the trial judge's failure to make the finding desired was called to his attention in accordance with the provision of Rule 298, Texas Rules of Civil Procedure. The motion is sustained.

The judgment of the trial court is affirmed.