**Esther Anna HOUGHTLING et al., Appellants,**

v.

**William Raymond DUSCH, Appellee.**

**No. 16896.**

Court of Civil Appeals of Texas.

Dallas.

March 24, 1967.

Barbara L. Welz, of Welz, Anderson & Rogers, Dallas, for appellants.

Franklin H. Perry, of Thompson, Coe, Cousins & Irons, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Esther Anna Houghtling and husband, David H. Houghtling, and Carolyn C. Clarke, a feme sole, instituted this action for personal injuries and property damage against William Raymond Dusch. It was alleged by plaintiffs that on February 5, 1965 Carolyn C. Clarke was driving her automobile in which Esther Anna Houghtling was riding as a passenger when the Clarke automobile was struck in the rear

by an automobile being driven and operated by the defendant Dusch. The accident occurred at the intersection of Mc-Commas Avenue and McMillan Avenue in the City of Dallas. Carolyn C. Clarke alleged that she brought her vehicle to a stop at a stop sign preparatory to turning right onto McMillan Avenue at which time her vehicle was struck by the Dusch automobile being operated at a high rate of speed. The defendant answered, contending that the collision occurred as a result of contributory negligence on the part of Mrs. Clarke and Mrs. Houghtling.

The case was tried before a jury which rendered a special issue verdict finding Dusch to have been negligent in operating his automobile at an unreasonable rate of speed which proximately caused the collision in question. The jury also found that on the occasion in question Mrs. Clarke stopped her car, moved forward, then made a second stop which conduct on her part amounted to negligence which was a proximate cause of the collision. The jury acquitted Mrs. Houghtling of any act of negligence charged. As to damages, the jury found that the sum of $410.40 would reasonably and fairly compensate Mrs. Clarke for the injuries sustained by her and that the sum of $278.33 would be the reasonable and necessary cost of repairs to her automobile. The jury also found that the sum of $276.16 would reasonably compensate Mrs. Houghtling for injuries sustained by her. Based upon this verdict the trial judge rendered judgment denying Carolyn C. Clarke any recovery and awarding Mr. and Mrs. Houghtling the sum of $276.16 against defendant Dusch. All plaintiffs appeal.

By their first two points on appeal appellants contend that the trial court erred in refusing to give certain charges to the jury. These points may not be considered by us and are waived for the reason that the record fails to reveal a preservation of the alleged errors. No complaint was asserted by appellants in the trial court against the submission of any issue to the jury in the court's main charge nor did appellants request the court, as they were required to do by the rules, that appropriate requested issues or instructions be given.

Appellants' third and fourth points of error complain of the submission of Special Issues 14 and 15 to the jury because there is no evidence, or insufficient evidence, to support the submission thereof, and also complain because the trial court did not set aside and disregard the jury's answers to such Issues 14 and 15 for the reason that the answers were so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. Appellants' points are, as contended by appellee, multifarious but we have considered same separately.

Special Issue No. 13 inquired of the jury as to whether or not on the occasion in question Mrs. Clarke stopped her car, moved forward, then made a second stop. The jury answered this question in the affirmative. In Special Issue No. 14 the jury was asked to state whether or not such conduct, as inquired about in Special Issue No. 13, was negligence on the part of Mrs. Clarke, to which the jury answered "Yes". In answer to Special Issue 15 the jury found that such negligence on the part of Mrs. Clarke was a proximate cause of the collision in question. It is significant to observe that appellants do not challenge the submission of nor the answer of the jury to Special Issue No. 13.

In determining whether or not there is any evidence to support the submission of Special Issues 14 and 15 or whether the answers of the jury in response thereto were so contrary to the great weight and preponderance of the evidence we are governed by the rules announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. We have carefully reviewed the entire record in the light of these rules and having done so we cannot agree with appellants' contentions set forth in their points 3 and 4. The questions of negligence and proximate cause were properly sub-

mitted to the jury, without objection on the part of appellants, and both issues find support in the evidence. The jury heard the evidence of the parties, as well as investigating officers and arrived at their answers to the issues in question. We cannot say that the answers thereto were either not supported by any evidence or were contrary to the great weight and preponderance of the evidence. Appellants' points 3 and 4 are overruled.

■ By their fifth point of error appellants contend that the court erred in not disregarding and setting aside the answers of the jury to Special Issue No. 20 and Special Issue No. 21, both having to do with the amount of damages sustained by Mrs. Clarke and Mrs. Houghtling, for the reason that the findings of damages were manifestly too small. This point is obviously multifarious and procedurally defective. However, we have considered the point and find the same to be lacking in merit and it is overruled. In their statement and argument under this point appellants contend that the jury, in answering the two special issues, awarded Mrs. Clarke and Mrs. Houghtling only certain itemized medical and other expenses and completely failed to award anything to either appellant for pain and suffering.

■■ An examination of the record reveals that both Issues 20 and 21 were accompanied by various itemized elements which the jury might consider in arriving at their one answer to each issue. In other words, the jury was not called upon to render separate amounts for each element of damage claimed. Accordingly, it is impossible for us to state what portion of either of the sums so awarded by the jury in the respective special issues was awarded for any one element of damages. To do so would be to speculate upon the mental processes of the jury and this we are not allowed to do. Appellants' statement that the jury obviously granted damages solely for certain specified medical and other expenses and did not award anything for mental and physical pain and suffering cannot be supported in this record. Such statement is predicated upon an assumption which would of necessity be based on speculation or an interpretation of the mental processes of the jury not revealed by this record.

From our examination of the record we are unable to state, as a matter of law, that the verdict of the jury is manifestly too small, which would require a reversal.

The judgment of the trial court is

Affirmed.