**Arthur KING, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellee.**

No. 6653.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 5, 1963.

Rehearing Denied Jan. 8, 1964.

Barber & Seale, Jasper, for appellant.

King, Sharfstein & Rienstra, Beaumont, for appellee.

STEPHENSON, Justice.

This is a suit brought under the Workmen's Compensation Act. Judgment was rendered for defendant, based upon a jury finding that plaintiff suffered no incapacity. The parties will be referred to here as they were in the trial court.

Plaintiff was an employee of DuPont Company in Orange, Texas. Counsel for plaintiff filed a motion in limine to disqualify all DuPont employees or their spouses, on the jury panel. This motion was denied. Then, on voir dire examination of the panel, it developed that of the first 24 members on the jury panel list,

five were DuPont employees and a sixth was a wife of a DuPont employee. Counsel for plaintiff challenged all six for cause, which was refused by the court.

Plaintiff contends each of these jurors was disqualified as a matter of law under the following portion of Article 2134, Vernon's Ann.Civ.St. which reads as follows:

"The following persons shall be disqualified to serve as jurors in any particular case:

"1. * * *

"2. Any person interested, *directly* or *indirectly*, in the subject matter of the suit."

Also, that the trial court abused its discretion under the following portion of Article 2134, V.A.C.S., which reads as follows:

"3. * * *

"4. Any person who has a bias or prejudice in favor of or against either of the parties.

"5. * * *:"

Plaintiff urges this court to consider the fact that employees of this company have no contract, and no union to protect them from being fired. In support of these contentions plaintiff cites three cases holding an employee of a party to a suit is disqualified from sitting as a juror; however, no case is cited in which the juror was an employee of the employer in a compensation case.

The Eastland Court of Civil Appeals in Parker v. Traders & General Insurance Company, 366 S.W.2d 107, passed upon the identical question before this court. We quote from this case:

"We also overrule points urged by the Parkers contending that the court erred in refusing to disqualify Martha L. Morris and Donald J. Hart as prospective jurors. Article 2134 Vernon's Ann.Texas Civ.St. sets out the qualifi-cations for jurors and neither of the prospective jurors was disqualified under this statute. The Parkers' contention that such veniremen were disqualified is based upon the fact that the evidence shows that one of them was an employee of Coleman County Electric Co-operative, Inc., and that the other was regularly engaged in the business of conducting an insurance agency. There was no evidence that either of the veniremen or the Coleman County Electric Co-operative, Inc., was financially interested in any way in the outcome of the suit although Traders & General Insurance Company was its compensation insurance carrier. Both veniremen stated that they had no pre-conceived opinions which would influence their decision and each believed he could make a fair and impartial juror. The rule in such cases is stated in Bennett v. Jackson, Tex.Civ.App., 172 S.W.2d 395, (error refused), "A challenge for cause not based on any ground mentioned in the statute is ordinarily addressed to the sound discretion of the trial judge whose action thereon should not be disturbed on appeal unless it clearly appears that a fair and impartial trial was thereby prevented."

The Supreme Court has granted a writ in this case, however, it was granted on other points. No opinion has been written at this date. We feel constrained to follow the Parker Case, supra. These points are overruled.

Plaintiff also contends the finding of the jury that plaintiff had sustained no incapacity is so against the overwhelming weight and preponderance of the evidence that it was manifestly wrong and unjust. Considering the record as a whole, as we are required to do in passing upon this point, there is evidence that plaintiff sustained total and permanent incapacity, and there is also evidence that plaintiff sustained no incapacity. The jury was the trier of facts and we cannot say their finding was

so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. King v. King, 150 Tex. 662, 244 S.W.2d 660.

Affirmed.