734

**A. J. MOSS, Appellant,**

v.

**The FIDELITY AND CASUALTY COMPA-
NY OF NEW YORK, Appellee.**

No. 17005.

Court of Civil Appeals of Texas.

Fort Worth.

March 28, 1969.

Kearby Peery, Wichita Falls, for appel-
lant.

Brown, Day & Crowley, and Sam Day,
Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Trial court judgment awarded workmen's
compensation benefits for a period of
twenty-four weeks of temporary total dis-
ability. The claimant for compensation,
A. J. Moss, aggrieved because he was not
awarded a judgment for a greater amount,
brought appeal against the insurer, The
Fidelity and Casualty Company of New
York.

Trial was to a jury, and during the course
of the *voir dire* examination on jury selec-
tion it was discovered that there were mem-
bers of the panel who were employees of
the claimant's employer or were wives of
such employees. Such employer was
Southern Airways. The employees were
W. T. Jenkins, a meteorology instructor,
and Glen Holly, a bus driver. A wife of
an empoyee was Mrs. Joseph Rice, whose
husband was supervisor of mess halls.

Claimant's attorney sought, as to such
jurors, to challenge and have them ex-
cused as disqualified. By Bill of Excep-
tions the attorney showed that after having
exercised all his peremptory challenges and
having "struck" his list of jurors there re-
mained on the jury Glen Holly and Mrs.
Joseph Rice; that but for the refusal of

his motion by the court there would have been two jurors who would have been empaneled to try the case in the stead of Glen Holly and Mrs. Joseph Rice.

 Of the foregoing claimant complains on appeal. No reversible error exists. We do not consider such an open question. It seems to be settled law that challenges for cause, not based on any ground mentioned in Vernon's Ann.Tex. Civ.St. Art. 2134, "(Jury in Court)—Disqualification", are addressed to the sound discretion of the trial judge, whose action thereon shall not be disturbed on appeal unless it clearly appears that a fair and impartial trial was thereby prevented. And under that principle it would not be reversible error in a workmen's compensation case to seat jurors who were claimant's fellow employees. King v. Aetna Casualty & Surety Company, 373 S.W.2d 875 (Beaumont Tex.Civ.App., 1963, writ ref. n. r. e.), following Parker v. Traders & General Insurance Company, 366 S.W.2d 107 (Eastland Tex.Civ.App., 1963, modified and reversed in part, but on other grounds, at 375 S.W.2d 714).

 By a grouping of points of error complaint is made because a medical witness for claimant, Dr. Robert E. Lee Gowan, was not permitted to state the history given him by claimant when before him for treatment as well as examination; and in not permitting him to state that the history given, coupled with findings upon examination, served as basis for his opinion that claimant's physical condition and disability were attributable to the event stated in such history.

In an examination of the entire testimony of Dr. Gowan it is disclosed that no harm or prejudice to claimant's case resulted. Counsel for claimant adequately overcame any possible harm or prejudice through a method of handling Dr. Gowan's subsequent testimony. The method was by the device of using hypothetical questions to serve as basis for eliciting Dr. Gowan's medical opinion upon claimant's physical condition at all material times, plus his medical opinion upon disability resulting therefrom. We could write at length in explanation of the resourceful manner and tactics by which the error complained of, if error it was, was countered and overcome by counsel. Suffice it to say that as a matter of hindsight both counsel for the insurance company and the court probably wished that they had saved time by allowing Dr. Gowan to give the history when he was first asked. By the time claimant's counsel was finished with the witness there could have been no doubt in anyone's mind of what claimant's history was, nor that the opinion and conclusion of the doctor upon claimant's condition and prospective disability would have been the same whether or not based in any respect thereupon. There was no reversible error perforce Texas Rules of Civil Procedure, rule 434, "If Judgment Reversed".

 By a group of points contentions of "no evidence", "contrary to undisputed evidence", and "contrary to the great weight and preponderance of the evidence" are advanced relative to jury findings in answer to Special Issues Nos. 9 and 18 of the Court's Charge.

The Special Issue No. 9 finding was that "24 weeks" was the duration of claimant's temporary total disability. That there was total disability of temporary duration resulting from and produced by an accident sustained by claimant at a time when he was acting within the scope and course of his employment for Southern Airways was established by answers to antecedent issues. The Special Issue No. 18 finding was that on April 4, 1967 the pre-existing congenital defect of claimant's spine (undisputed as pre-existent) became the sole cause of the disability presently experienced by him, if any.

There seems to have been no dispute between the parties over the fact that claimant was born with a congenitally defective spine, or that the injury sustained by him and because of which he was found entitled

to workmen's compensation benefits was at the site of, involved, or superimposed upon such defect. The dispute was relative to whether there was any degree of disability wholly and exclusively relating to and caused by the congenital defect—and not caused and/or contributed thereto because of claimant's compensable injury—after the first 24 weeks following that injury.

We consider all claimant's contentions that it was error to use the aforementioned answers as support for the trial court's judgment to be without merit. Our holding is because of the testimony of Dr. Robert T. Miller, an orthopedic surgeon, who treated claimant in behalf of the insurance company beginning in January of 1967 and terminating about April 3, 1967. The most liberal interpretation of his testimony, viewed from the standpoint of the claimant, would be that sometime between March 16, 1967 and April 3 of 1967, claimant recovered from the injury because of which he was found entitled to compensation for ensuing disability, and that his physical condition and disability thereafter existent was due solely to the pre-existing congenital condition.

From the answers returned by the jury in its verdict it is obvious that they believed Dr. Miller. Their findings upon the questions were based upon the doctor's testimony relative to disability and its cause at material times. There could be no doubt that the testimony of such witness was competent in relation thereto. There was sufficient evidence of probative force and effect to support the answers so returned, and said answers are not contrary to the great weight and preponderance of the evidence in the record.

Judgment is affirmed.