**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**C. L. COOKE & SONS, Appellees.**

**No. 4349.**

Court of Civil Appeals of Texas, Eastland.

Nov. 5, 1969.

Thompson, Coe, Cousins, Irons & Porter, Larry L. Gollaher, Dallas, for appellant.

Nelson Quinn, Abilene, for appellees.

PER CURIAM.

In a jury trial C. L. Cooke & Sons recovered a judgment against Trinity Universal Insurance Company upon a property floater policy for $4,315.00. Trinity has appealed. The appellee failed to file a brief as he is required to do under the Texas Rules of Civil Procedure. The record reveals that his attorney received submission notice, but he failed to appear for oral argument. He has not challenged in any manner the statements in appellant's brief. Rule 419 provides that the court may accept as correct any statement relating to the facts or the record made by the appellant in its brief unless same is challenged by the opposing party.

F. B. McIntire Equipment Company leased C. L. Cooke & Sons a 70 ton crane.

The crane was delivered to Cooke on or about March 25, 1966 and returned on or about October 28, 1966 in a damaged condition. McIntire filed suit against Cooke for damages to the crane. Employers Mutual Fire Insurance Company carried the insurance on the crane for McIntire. All but fifty dollars of McIntire's claim was paid by Employers Mutual. Employers Mutual intervened as subrogee.

Cooke & Sons filed a third party action against Trinity Universal Insurance Company alleging that they were the owners of a policy issued by Trinity which insured them against loss or damage to the crane.

The jury found that the 70 ton crane was in a damaged condition when Cooke returned it; that in April 1966 there was a collision between the crane and a silo door; that the cost of such repairs was $250.00; that in September 1966, the crane was in collision with a piece of steel from a missle silo door and the cost of repairs was $4,265.00.

Judgment was rendered for intervenor Employers Mutual against Cooke for $5,240.00 and for Cooke against Trinity for $4,315.00.

Trinity contends the court erred in rendering judgment against it covering the damages from the first and second accidents because the damages were not proximately caused by a collision. It contends that the jury's answer to the damage issue is against the great weight and preponderance of the evidence.

We have considered the entire record and the statements contained in appellant's brief relating to the record under Rule 419 and find that the answer to the damage issue is against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

The judgment is reversed and the cause is remanded.