IN THE ESTATE OF JESSIE KING, DECEASED.
CARL KING V. EARL J. KING ET AL.

No. A-3379. Decided December 5, 1951.
Rehearing overruled January 16, 1952.
(244 S. W., 2d Series, 660.)

*Harry Bunnenberg,* of Vernon, *Bullington, Humphrey, Humphrey & Filmore* and *Leslie Humphrey,* of Wichita Falls, for respondents.

PER CURIAM: In this will contest, a district court jury found the testatrix, Mrs. Jessie King, to lack testamentary capacity, and judgment was accordingly rendered for the contestants against petitioner, Carl King, who defended the will. Petitioner by proper points in the trial court and Court of Civil Appeals sought (unsuccessfully) a new trial on the ground that the verdict was "so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust." The Court of Civil Appeals affirmed the judgment of the trial court, except in certain particulars not presently material. 242 S. W. 2d 925.

██ In connection with petitioner's particular contention above-mentioned, the opinion of the court below correctly gives the wording of such contention. It also states that the contention is overruled. However, it further discloses beyond any doubt, that, in purporting to overrule the point, the court actually treated it as a question of law, to wit, that there was *no* evidence to support the verdict rather than question of fact. The court clearly based its judgment, in so far as the particular assignment is concerned, upon its application to the evidence of the legal proposition stated by it thus: "If there is any evidence of probative force to support this finding of the jury, such finding is conclusive and binding on both the trial court and this Court." That rule, like the rule whereby the reviewing court looks only to the evidence favorable to the verdict, and the rule of whether reasonable minds could differ, applies, and applies only, to the question of whether the evidence as a matter of law requires a conclusion contrary to the verdict. Choate v. S. A. & A. P. Ry. Co., 90 Texas 82, 84, 37 S.W. 319; idem. 91 Texas 406, 44 S.W. 69; Eastham v. Hunter, 98 Texas 560, 565, 86 S.W. 323, 325; United States Gypsum Co. v. Shields, 101 Texas 473, 477, 108 S.W. 1165; Wininger v. Ft. Worth & D. C. Ry. Co., 105 Texas 56, 58, 143 S.W. 1150; Cartwright v. Canode, 106 Texas 502, 171 S.W. 696; Woods v. Townsend, 144 Texas 594, 192 S.W. 2d 884; Montgomery Ward & Co. v. Scharrenback, 146 Texas 153, 204 S.W. 2d 508, 511; Renfro Drug Co. v. Lewis, 149 Texas 507, 235 S.W. 2d 609, 613, 621; Gulf C. & S. F. Ry. Co. v. Wilson, Tex. Civ. App., 59 S.W. 589, 591, er dism. Such tests are not applicable to the question under consideration. The latter is one of fact. (It is not infrequently described as a question of "sufficiency" of the evidence. See Hall Music Co. v. Robinson, 117 Texas 261, 1 S.W. 2d 857; Wisdom v. Smith, 146 Texas 420, 209 S.W. 2d 164, 166). The question requires the Court of Civil Appeals, in the exercise of its peculiar powers under the constitution and Rules of Civil Procedure Nos. 451, 453, and 455, to consider and weigh all of the evi-

dence in the case and to set aside the verdict and remand the cause for a new trial, if it thus concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust—this, regardless of whether the record contains some "evidence of probative force" in support of the verdict. See cases cited, supra. The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict.

■ The holding of the court below is assigned as error here. It is in effect an erroneous ruling of law that the existence of "any evidence of probative force" in support of the verdict determines that the verdict is not "contrary to the overwhelming weight of all the evidence." It is in conflict with the above cited decisons of this court. The holding also is tantamount to a refusal to pass upon the assignment in question in violation of Rules 451 et seq., supra.

Under these circumstances, we may properly take jurisdiction of the case, notwithstanding the finality of judgments of the Courts of Civil Appeals on the fact question of whether a verdict should be set aside and a new trial granted on the ground that the verdict is against the overwhelming weight of the evidence. See Dallas Ry. & Terminal Co. v. Farnsworth, 148 Texas 584, 227 S.W. 2d 1017. See also Rules 451 et seq., supra.

It is true that petitioner's assignment or point in question (No. II in his brief as appellant below) includes parenthetical references not only to the trial court's failure to grant a new trial but also to its action in failing to instruct a verdict or render judgment in petitioner's favor notwithstanding the verdict. These two latter matters can, of course, be germane only to the law question of "no evidence" and are thus inappropriate to the fact question which the assignment or point otherwise correctly presents. Possibly the inclusion of these references was the source of error below, but the matter of duplicitousness of assignment is not raised, and in fact the respondents contend that the Court of Civil Appeals duly passed on the fact question as such. Whether it did or did not can only be determined from the opinion, the purport of which is that it did not. Nor may we look at the statement of facts ourvelves and say what the court should or could have decided, if it had properly considered the point. The purport of the opinion we gather not only from the rule announced by the court, as above quoted, but also from the conspicuous absence of any reference to the evidence for the petitioner.

It is, indeed, not simple to describe the intellectual process to be followed by the Court of Civil Appeals in passing on the fact question—to specify just how a verdict may be supported by evidence of probative force at the same time be on all the evidence so clearly unjust as to require a new trial. But Article 5, sec. 6 of the Constitution, is no more to be ignored than any other part of that document, and that provision, with the decisions, statutes and rules based upon it, requires the Court of Civil Appeals upon proper assignment, to consider the fact question of weight and preponderance of all the evidence and to order or deny a new trial accordingly as the verdict may thus appear to it clearly unjust or otherwise. This is the meaning given the constitutional phrase "all questions of fact brought before them on appeal or error" of Sec. 6, supra. But for that interpretation there would be no "questions of fact" for the Court of Civil Appeals to determine, since it cannot, save as a matter of law on conclusive evidence or lack of evidence, determine factual issues as a basis for rendering judgment. See Wisdom v. Smith, supra, and similar holdings.

■ Since it is our view that the above matter presents the only reversible error complained of in the application for writ of error, the case is appropriate for the exercise of our powers to reverse and remand upon the application. Rule 483, Tex. Rules of Civ. Proc., Railroad Commission v. Roberdeau, 150 Texas 506, 242 S.W. 2d 881, 883, and decisions therein cited.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court, so that it may, in the light of this opinion, properly pass upon the assignment abovementioned.

Opinion delivered January 16, 1952.