## KING v. KING et al.
### No. 6151.

Court of Civil Appeals of Texas.
Amarillo.

. March 3, 1952.

Rehearing Denied April 7, 1952.

Harry Bunnenberg, Vernon, for appellant.

Storey, Storey & Donaghey, Vernon, Bullington, Humphrey, Humphrey & Fillmore, Wichita Falls, for appellees.

PER CURIAM.

This is a will contest action alleging testamentary incapacity that has been before us on a former occasion as reported in 242 S.W.2d 925. The Supreme Court reversed our judgment and remanded the cause to us for further consideration upon the grounds and for the reasons stated in its opinion reported in 244 S.W.2d 660. We refer to both of these opinions for a full statement of the case and for the action taken on the assignments of error presented.

. In the trial court the case was tried to a jury which found that the deceased, Jessie King, did not have testamentary capacity to execute the will being here contested. The trial court rendered judgment denying the will to probate and this court in our former opinion affirmed that part of the trial court's judgment. As we understand the Supreme Court's opinion referred to, it has approved our disposition made of all of appellant's assignments of error except for one complaint or assignment made by him in his application made for a writ of error. That one complaint or assignment charges that judgment should have been rendered for appellant, Carl King, notwithstanding the jury verdict which was "so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust."

A re-examination of all of the evidence heard reveals to us that the issue of testamentary capacity was strongly controverted and there was much evidence heard on both sides. The evidence is too lengthy to be restated here but the testimony of the physicians who attended the testatrix over a period of many years, based upon their personal observations of testatrix and experiences with her while attending her, and the testimony of lay witnesses, based upon their acquaintance with testatrix and their observance of her demeanor, conduct and peculiar actions, all support appellees' contentions in the matter as well as the

**526**

verdict of the jury. After carefully weighing all of this evidence as against all of the evidence to the contrary, it is our opinion that the jury verdict is not so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust but that there was an abundance of evidence of probative value to support the jury verdict and the judgment of the trial court as to the testamentary incapacity of the testatrix, the only issue submitted to the jury. Appellant's assignment or complaint to the contrary is therefore overruled and with this clarification of our former opinion, the judgment of the trial court is affirmed except as to that part heretofore reversed and rendered. In support of our holding we cite the authorities cited and discussed by the Supreme Court concerning such an issue in its recent opinion hereinabove referred to.