John T. DYCHE, Appellant,

v.

Bob THRASHER et ux., Appellees.

No. 3708.

Court of Civil Appeals of Texas.

Waco.

Jan. 28, 1960.

Rehearing Denied March 3, 1960.

Byron L. McClellan, Gatesville, for appellant.

Harry W. Flentge, Gatesville, for appellee.

McDONALD, Chief Justice.

This is a suit upon an oral contract. Parties will be referred to as in the Trial Court. Bob and Betty Thrasher (husband and wife) filed this suit as Plaintiffs against Johnnie Dyche as Defendant, alleging that Plaintiffs made an oral agreement with Defendant on *4 May 1957*, to lease defendant's building for $200 per month for the purpose of operating a cafe; that it was further agreed that when the defendant should no longer rent the building to plaintiffs, that the defendant would purchase all of the plaintiffs' cafe equipment and supplies at a reasonable value. Plaintiffs further alleged that on *14 March 1959* plaintiff Bob Thrasher was in the office of the Attorney for defendant to pay his rent, and the Attorney advised him not to pay the rent as defendant wanted his cafe back. It was alleged that such attorney further advised plaintiff that defendant agreed to pay plaintiff a reasonable price for the equipment and supplies; that pursuant to such agreement plaintiff and defendant went to the cafe building

on *16 March 1959* and jointly took inventory of the equipment and supplies; that defendant wrote down each item and the price on some of the items; that it was agreed that plaintiff would check the invoices and place a reasonable value on the balance of the items; that plaintiff checked his invoices and placed a reasonable price on the balance of the items and on *17 March 1959* delivered such inventory and supplies, the price of same aggregating *$1,041.95*, but that plaintiffs owed rent in the sum of *$277.54*, leaving plaintiff due the sum of *$764.41*. Plaintiffs allege that defendant on *17 March 1959* accepted the inventory, the equipment and supplies, and the keys to the cafe building, and though requested to abide by the agreement, has refused to do so to plaintiffs' damage in the sum of *$764.41*, plus exemplary damages. (Plaintiffs further prayed for damages to a deep fry unit.)

Defendant excepted to the allegations and prayer as to the deep fry unit, which exceptions were sustained by the Trial Court. Defendant filed no exceptions to the balance of plaintiffs' demands, and as to same, went to trial on a general denial.

Trial was to a jury which, in answer to Special Issues, found:

1). Defendant Dyche on or about 16 March 1959 agreed with plaintiff Thrasher to purchase the equipment and supplies in the cafe at a reasonable value.

2). Plaintiff and Defendant agreed as to what constituted a reasonable value of equipment and supplies in the cafe.

3). From a preponderance of the evidence a reasonable value of the equipment and supplies is $752.00.

On the foregoing verdict the Trial Court entered judgment for plaintiffs for $752.

Defendant filed Motion for New Trial which was by the Trial Court overruled, and defendant appeals contending: 1) The Trial Court erred in not granting Defendant's Motion for Instructed Verdict as the Pleadings do not state a cause of action; 2) The evidence being insufficient to establish the essential elements of a contract, the Trial Court erred in overruling defendant's Motion for Instructed Verdict; 3) The charge to the jury is erroneous in that it fails to submit one or more of the ultimate fact issues essential to recovery; 4) There was no pleading or evidence to support any issue of damages and the issue submitted was erroneous.

■ We revert to defendant's first contention, which is that the plaintiffs' pleadings do not state a cause of action. Such petition alleged that defendant agreed to buy the plaintiffs' equipment and supplies in the cafe building for a reasonable sum; that plaintiff and defendant thereafter jointly inventoried the equipment and supplies, placing a price on some and leaving the price open on others for plaintiff to check his invoices; that plaintiff checked his invoices, placed a value on such items, and delivered the completed inventory showing a total value of *$1041.95* together with the keys to the cafe to defendant; that defendant accepted same as well as the equipment and supplies and went into possession of the cafe; that defendant thereafter used the equipment and supplies, selling and serving same to the public. Plaintiffs set out that they were indebted to defendant for rent in the sum of $277.54, leaving a balance due them on the oral contract of *$764.41*. We think such petition does state a cause of action. *Further, defendant filed no exception to such petition.* Our Supreme Court in Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 515, 141 A.L.R. 50, holds: *"In the absence of special exception, the petition will be liberally construed in the pleader's favor and to support the judgment."* Rule 90, Texas Rules of Civil Procedure provides that every defect, omission or fault in a pleading which is not specifically pointed out by motion or exception, in writing, and brought to the attention of the Judge before charge to the

jury, shall be deemed as waived. Rule 91 provides that a Special Exception shall point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality or other insufficiency in the allegations in the pleading excepted to. Defendant's Point 1 is overruled.

Defendant's 2nd contention is that the evidence is insufficient to establish the essential elements of a contract. We have carefully reviewed the record before us and find affirmative evidence establishing the essential elements of the oral contract and in support of the plaintiffs' pleading. The evidence reflects that defendant agreed at the time of renting the building to plaintiffs to buy plaintiffs' equipment and supplies at a reasonable price whenever the renting of the building should terminate; that on *14 March 1959* defendant's attorney refused to accept the rent from plaintiffs and stated that defendant would purchase the equipment and supplies at a reasonable price; that thereafter plaintiffs and defendant jointly inventoried the cafe building; that plaintiffs completed the prices on the items and on *17 March 1959* presented same to defendant with the keys to the building; that defendant accepted the inventory and keys; went into possession; and has since used the equipment and expended the supplies in the regular course of a cafe business. It is true that there is evidence to the contrary on some of the matters involved. We have carefully weighed the evidence and conclude that it is sufficient to establish the essential elements of contract under the pleadings and to sustain the jury's findings. See In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Defendant's Point 2 is overruled.

Defendant's third contention is that the charge is erroneous in that it fails to submit one or more of the ultimate facts essential to recovery. We think the charge fairly and adequately submits the ultimate issues made by the pleadings and the evidence. See 37A Tex.Jur. Sec. 52, p. 171;

and 10A Tex.Jur. Sec. 159, pp. 310, 311. Defendant's Point 3 is overruled.

Defendant's fourth contention is that there was no pleading and no evidence to support any issue of damages and that the damage issue submitted was erroneous. From what has been said in our discussion of defendant's first three contentions, it follows that we think that the pleadings and evidence amply support the damage issue submitted and that the jury's finding thereon is amply supported by the evidence. Defendant's Point 4 is overruled and the judgment of the Trial Court is affirmed.