Dorothy Pouch DUNNING, Appellant,

v.

Nellrose BIBB et vir, Appellees.

No. 13694.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 12, 1960.

Knopp & Berry, San Antonio, for appellant.

T. Kellis Dibrell, Dibrell, Gardner & Dotson, San Antonio, for appellees.

BARROW, Justice.

This is an appeal from a judgment in favor of Nellrose Bibb and husband, Clyde Bibb, against Dorothy Pouch Dunning for the sum of $867.53. Mrs. Bibb, joined by her husband, sued Mrs. Dunning for a debt for labor performed, and upon trial to the court without a jury judgment was rendered for the stated above. The debt was evidenced by two checks payable to Nellrose Bibb, one for $97.38, signed by Dorothy Pouch Dunning, and one for $562.07, signed "Red Wagon Ranch School & Camp, By Dorothy Pouch Dunning". The checks were dated June 1, 1957, and May 10, 1957, respectively, and there was credited on the debt the sum of $98.38 which was paid thereon. Mrs. Bibb prayed for judgment for the balance of said debt, together with interest thereon at the rate of 6% per annum, and attorney's fees in the sum of $300.

■ Appellant, Mrs. Dunning, relies for a reversal on two points. By her first point she contends that the overwhelming weight of the evidence adduced on the trial proved "that the indebtedness other than the sum of Four Dollars ($4.00) due on said checks were debts of the Red Wagon Ranch School, a Corporation, and not that of appellant individually." She apparently bases this contention on a letter written by Mrs. Bibb to Mrs. Dunning's attorney, from which it could be inferred that she claimed the $562.07 check to be the debt of the Red Wagon Ranch School. On the other hand, Mrs. Bibb testified that she never worked for the school nor any one else except Mrs. Dunning. She testified that she worked for Mrs. Dunning as her personal secretary; that Mrs. Dunning operated several businesses, including the school, but that she worked for Mrs. Dunning personally. That

Mrs. Dunning had the habit of paying her with checks against the Red Wagon Ranch School account, as well as her own. That Mrs. Dunning told her when she gave her the check in question, that she would see that it was paid. Neither Mrs. Dunning nor anyone else contradicted this testimony. Thus the evidence presents an issue of fact, and the trial court in rendering judgment for Mrs. Bibb must be presumed to have resolved that issue in her favor. There being evidence to support such finding, we are not authorized to disturb the same, unless it is so against the overwhelming preponderance of the evidence as to be clearly wrong and manifestly unjust. King v. King, 150 Tex. 662, 244 S.W.2d 660; United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224. Mrs. Dunning's point, statement and argument do not make it clear that she contends that the court's implied finding is so against the overwhelming preponderance of the evidence as to be manifestly unjust or clearly wrong, nevertheless, we have examined the record as a whole and fail to so find.

■ By her second point Mrs. Dunning contends that the court erred in entering judgment for $867.53, because said amount does not coincide with the claim of appellee or the proof of the amount of the debt. That point is overruled. Appellee Mrs. Bibb sued for the principal amount of $566.-07, with interest thereon to the date of judgment, also for $300 attorney's fees.

It was stipulated by the parties that $300 is a reasonable fee for appellee's attorneys. As a matter of law she is entitled to recover the principal amount of the debt and interest thereon at 6% per annum, and attorney's fees. However, we have calculated the amount of interest to which Mrs. Bibb is entitled under the facts and find that the total of principal, interest and attorney's fees which are properly allowable far exceeds the amount of judgment. Therefore, Mrs. Dunning's second point presents no error and is overruled.

The judgment is affirmed.