Berl S. WHITE et ux., Appellants,

v.

SULLY BROS. APPLIANCE, Appellee.

No. 13822.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 25, 1961.

Rehearing Denied Nov. 22, 1961.

Lloyd, Lloyd & Dean, Alice, W. B. Moss, Sinton, for appellants.

Clark & Bonner, Rockport, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Berl S. White and wife, Irene White, against Sully Bros. Appliance, a partnership composed of W. J. Sullinger and B. T. Sullinger, seeking to recover actual and exemplary damages for injuries sustained by Irene White, resulting from an explosion and burning of a television set purchased by plaintiffs from defendant. The trial was to a jury and resulted in a verdict and judgment unfavorable to plaintiffs and they have appealed.

Appellants' first point is that the answer of the jury to Special Issue No. 3 is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust and clearly wrong, because the evidence shows that the failure of appellee to repair the television set sold by appellee to appellants was negligence. We overrule this contention.

On February 16, 1955, appellants purchased from appellee a new Traveler Television set. An employee of appellee, Richard "Dick" West, delivered and installed a television set in appellants' home late that afternoon. Irene White testified that the set delivered was not the one she had ordered. She was told by West that appellee had sent her a better set because the one she ordered was not working properly. West installed the set, put the antenna up, and then turned it on, but it did not work properly, because the picture was "rolling". West left to make another call, but returned the next morning and worked on the set, but the picture continued to "roll". West told her the set had a short in it, that he didn't know what was wrong, and would have to tell appellee about it. After about one week, no one came out to fix the set, so Irene White called appellee, and West came out with a tube, but still the set didn't work. He said he didn't know what was wrong, and that the Sullingers themselves were going to have to work on it, but no one ever came but West. She called appellee again and she was told that there was nothing wrong with the set, that either the wiring in the house or the station in Corpus Christi was the trouble. Finally, on June 4, 1955, the day before the set burned, appellee told her the set had a short in it.

On June 5, 1955, Irene White was out in the yard and came in the house through the back door and the house was full of smoke. She went to the living room where the television set was, to turn it off, and as she was doing so, "something popped inside the television—and when it did, smoke just started boiling out of the television." The television was not on fire, but was just smoking. It sounded like a frying sound. She went back in the kitchen, and came back again and it was still smoking. She was afraid the house would catch on fire, so she unplugged the television and tried to pull it out from the wall. The smoke—"it just smelled awful—I haven't smelled anything like it in my life, and my eyes were burning." She tried to get outside but fell unconscious, and her son heard her fall and opened the door and pulled her outside.

There had been no trouble with the wiring in the house. Joe Doyle King, a service man for Central Power & Light Company, said in his opinion the wiring in the house was in good condition. After the television

set burned or exploded, West came to appellants' home and gave Irene White the television parts introduced in evidence, and told her those were the parts that burned.

B. T. Sullinger, one of the partners of Sully Bros. Appliance, testified that he himself worked on the set one time and replaced a part. After the set burned or exploded he inspected it and found that a filter capacitor in the set had burned. The replacement of this part would be a "bottom-side job", that is a job requiring the work to be performed by an experienced repairman in the television repair shop. He further testified that West was a "topside man", that is, he did television set installing and minor repair work, and was the person who installed the set in appellants' house.

Special Issue No. 3 was as follows:

"Do you find from a preponderance of the evidence that the failure, if any of Defendants, Sully Bros. Appliance, to repair the television set sold by them to Plaintiffs was negligence?"

We will assume, without deciding, that the evidence was sufficient to raise a fact issue as to whether appellee was negligent in not repairing the television set, but whether it is so against the weight and preponderance of the evidence as to be manifestly unjust and clearly wrong is quite a different question. After the fire, it was not difficult to determine what parts burned and would have to be replaced, but there is nothing to show that West and B. T. Sullinger should have discovered that these parts were defective before they burned. There is no showing that the fact the picture would "roll" was the result of the defects in these parts. As far as this record shows, there may have been no connection between the "rolling" of the picture and the burning of those parts.

It is true that it is the duty of this Court, if we find upon examination of all the evidence and consideration of the entire record, that the jury's negative answer to Special Issue No. 3 was so against the overwhelming weight and preponderance of all the evidence as to be manifestly unjust and clearly wrong, to set such answer aside and grant a new trial. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; 30 Tex.Law Rev. 803; Bardwell v. Anderson, Tex.Civ.App., 325 S.W.2d 929. It will be borne in mind that this case was not tried or submitted as a *res ipsa loquitur* case. 38 Am.Jur. 898, § 295 et seq. It was the duty of the jury to weigh the evidence and pass upon the credibility of the witnesses, and there is nothing in this record to indicate that the jury in any way violated their duties in giving a negative answer to Special Issue No. 3. We cannot say that such answer is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust and clearly wrong.

The disposition we have made of appellants' first point renders their other points immaterial.

The judgment is affirmed.