**Morris H. WITT, Appellant,**

v.

**Alan Ernst SOEFJE, Appellee.**

**No. 3716.**

Court of Civil Appeals of Texas.

Eastland.

June 1, 1962.

Rehearing Denied June 29, 1962.

———◆———

Roger W. Wooldridge, W. T. Acklen, San Antonio, for appellant.

Hobart Huson, Jr., San Antonio, for appellee.

WALTER, Justice.

Morris H. Witt filed suit against Alan Ernst Soefje for damages to his automobile and for personal injuries. Based on the verdict, judgment was rendered that plaintiff take nothing.

The collision occurred at the intersection of West Avenue and Gardina Streets in the City of San Antonio on Sunday night at about 10:00 o'clock. The appellant Witt was driving a Volks Wagon and was traveling north on West Avenue. The appellee, Soefje, was driving a Renault and was traveling south on West Avenue. Witt was attempting to make a left turn at the intersection of West Avenue and Gardina Street. As Witt was in the act of negotiating his left turn, the front of Soefje's car struck the right rear section of Witt's car.

The jury found that the defendant Soefje failed to keep a proper lookout and that his failure to keep a proper lookout was a proximate cause of the collision; that the plaintiff Witt failed to keep a proper lookout and that such failure to keep a proper lookout was a proximate cause of the collision; that the plaintiff Witt did not fail to yield the right of way and that defendant Soefje's headlights were on immediately prior to the collision.

Plaintiff has appealed contending there was no evidence and insufficient evidence to support the jury's findings that plaintiff's failure to keep a proper lookout was negligence and a proximate cause of the collision. He also contends the court erred in failing to grant his motion for judgment notwithstanding the verdict and in failing to disregard the jury's finding that plaintiff failed to keep a proper lookout.

We have considered all the evidence and have concluded that the verdict of the jury is not contrary to the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660, (Sup.Ct.).

The weather was clear and there is nothing in the record to indicate that visibility was impaired by any abnormal condition prior to the collision. Appellant's photographs 11 and 13 show some street lights near the scene of the collision. The record indicates that appellant attempted to excuse his failure to keep a proper lookout by showing that Soefje was driving without headlights. Appellant did not see appellee's car until it was about four feet away from him. Appellant testified "well, it just came right out of the darkness without no lights." The jury found against him on this issue. We have concluded that the record contains evidence of probative force to support the findings of the jury.

We have carefully considered all of appellant's points and are forced to the conclusion that they are without merit. They are overruled.

The judgment is affirmed.

### On Motion for Rehearing.

In his motion for rehearing, the appellant asserts that we failed to pass on his first and second points of error and then asserts that we erred in overruling them. Special issue number 13 inquired if appellant Witt failed to keep a proper lookout and special issue number 14 inquired if such failure to keep a proper lookout, if any, was a proximate cause of the collision.

The jury answered that appellant Witt failed to keep a proper lookout and that such failure was a proximate cause of the collision. In the recent case of Genell, Inc. v. Rory Flynn et al., 358 S.W.2d 543, our Supreme Court on June 20, 1962, on the question of proximate cause said: "Keeping in mind that the test as to whether a given act may be deemed the proximate cause of an injury, is simply whether in the light of all the attending circumstances the injury was such as ought reasonably to have been anticipated as a consequence of the act * * *." The testimony quoted in our original opinion and other evidence in the record constitutes evidence of probative force to support the finding of the jury that the failure of appellant Witt to keep a proper lookout was a proximate cause of the collision.

We have considered all the evidence and have concluded that the jury's finding that the appellant Witt's failure to keep a proper lookout was a proximate cause of the collision is not contrary to the great weight and preponderance of the evidence.

Appellant's motion for rehearing is overruled.