**TEXAS AND NEW ORLEANS RAILWAY COMPANY, Appellant,**

**v.**

**Melba HART et al., Appellees.**

**No. 6395.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 13, 1962.

Rehearing Denied Oct. 4, 1962.

Second Motion for Rehearing Overruled Oct. 31, 1962.

Keith, Mehaffy, McNicholas & Weber, Beaumont, for appellant.

Barber & Seale, Jasper, for appellees.

STEPHENSON, Justice.

This is a suit for personal injuries brought by Mary Evelyn McCormick and Melba Joy Hart to recover damages from the Texas and New Orleans Railway Company, arising out of an automobile-train collision. A complete statement of the case is set out in the original opinion of this court reported at Tex.Civ.App., 350 S.W. 2d 227, and in the opinion of the Supreme Court at 356 S.W.2d 901. The parties will be referred to here as they were designated in the trial court.

Judgment was rendered by the trial court for both plaintiffs. This judgment was upheld by this Court of Civil Appeals on the basis of favorable answers by the jury to the discovered peril issues. The Supreme Court held there was no evidence to sustain the finding of the jury as to the discovered peril issues. The jury had found plaintiff McCormick guilty of contributory negligence and the Supreme Court reversed and rendered as to her. The case was remanded to this Court to pass upon the sufficiency of the evidence to support the answer of the jury that defendant failed to have a blinker light which was operating on the east side of the crossing on the occasion in question. In determining this question, we must look at all of the evidence bearing upon this issue. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

All of the evidence on this point is discussed in the Supreme Court decision. Mary Evelyn McCormick and Melba Hart each testified that there were no blinking lights at the crossing. Roland Lee Gadman testified that he saw the flashing warning lights on the west side of the track just before the collision. G. H. Montematt, the fireman, testified the warning signal lights were working on the east side of the track. Frank Rogers, the engineer, testified he did not notice whether the automatic signal lights were in operation. After considering all of the evidence, both favorable to and contrary to the verdict, we conclude that the verdict is not so against the weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. We make the same finding to the special issues as to negligence and proximate cause.

The judgment as to Melba Hart is affirmed as set out in the original opinion of this Court.