Albert **MALOOLY** et al., Appellants,

v.

**CITY OF EL PASO,** Appellee.

No. 6069.

Court of Civil Appeals of Texas.

El Paso.

Dec. 31, 1969.

Rehearing Denied Jan. 21, 1970.

Lee Chagra, El Paso, for appellants.

Owen H. Ellington, El Paso, for appellee.

## OPINION

FRASER, Chief Justice.

This is an appeal from a judgment of the El Paso County Court at Law No. One of El Paso County, Texas. The statement and nature of the case is substantially as follows:

The appellee filed a condemnation suit against Albert Malooly and wife, Selma Malooly, and Mutual Federal Savings and Loan Association, appellants, in the County Court at Law No. One of El Paso County, Texas, to acquire a corner of property of appellants Malooly located at 2030 Roosevelt, in El Paso, Texas, and being 313 square feet out of a total of 14,000 square feet owned by the appellants. The judge of said court appointed three Special Commissioners according to law, who met and awarded to appellants Malooly the sum of $570.00 for the property taken and damages to the remainder, if any. The appellants filed objections to the award of the Commissioners within the time prescribed by law and the case was set for jury trial in the County Court at Law Number One of El Paso County, Texas. Stipulations were filed with the trial court by the parties stipulating that the appellants had the right to open and close the evidence and that the only questions for the jury to answer were the market value of the property taken and the damages to the remainder of appellants' property, if any. The jury awarded to appellants the sum of $305.00 for the property taken, and by their decision found that there was no damage to the balance of appellants' property. The appellee, City of El Paso, contends that the appellants are entitled only to the sum of $305.00 as awarded by the jury in this cause.

While the plaintiff's petition alleges a cause of action against Mutual Federal Savings and Loan Association, no further mention is made of such Association in the transcript.

The case was submitted to the jury on special issues. On Special Issue No. I the jury found that the appellants were entitled to $305.00 for the value of the property taken. Issues II and III, being the market value of the property immediately before and immediately after the taking, was answered by the jury in the same sum of $42,500.00, so that appellants were not awarded any money for damages to the balance of the property, thus finding that the appellants' remaining property was not

decreased in market value by the taking of the portion condemned by the City of El Paso. The only point on which appellants appeal is insufficient evidence to sustain the jury's award.

As appears from the statement of the nature of the case, this is a condemnation suit wherein the City took some 313 square feet of appellants' property. The case is tried purely on a basis of fact. Three issues were submitted to the jury. One inquired as to what was the market value of the 313 square feet of land condemned by the City of El Paso for highway purposes, to which the jury answered, "$305.00". Issue II inquired of the jury as to what was the market value of the defendants' entire property in this area, exclusive of the land condemned, immediately before the strip was taken for highway purposes on June 13, 1968; and Issue III asked the jury what the value of the same property was after the taking of the strip of 313 square feet. To these two issues the jury answered "$42,500.00" in each case, indicating that the jury, after having heard the evidence, held that the remaining land or property of the appellants was not damaged or decreased in value by the taking of the strip.

We have considered this case and weighed all the testimony and evidence presented to the trial court in line with the holding of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and do not find that the jury's answers to the special issues submitted are clearly wrong and unjust. The appellant apparently does not appeal from the amount awarded him for the 313 square foot strip taken, but bases his case on the allegation that the remainder of his property was substantially damaged by the taking of the strip. Both sides had experts who testified, and of course both differed exceedingly. As heretofore stated, the jury found the value of the remaining property was the same after the taking as it was before.

We have considered this record carefully, especially in view of the fact that the appellee's expert testified there was no damage to the remainder of the property, and the appraiser for the appellants testified that the damage was $20,000.00 or more. This is a fact question to be determined by the jury, and our examination of the record discloses, as heretofore stated, that they had ample evidence upon which to make up their minds. Therefore, on the basis of the law, and as set out in In re King's Estate (supra) and the many decisions which have followed such decision we do not find error in the action of the jury. We do not have here any points by appellants as to wrongful admission or exclusion of evidence, etc.—simply that the appraiser of the appellee was wrong. With this position the jury obviously did not agree. It is not the prerogative of this court to substitute our judgment for that of the jury. Having found that there was ample evidence to substantiate the answers to the issues propounded to the jury which, of course, are based on the opinions of the opposing appraisers, we therefore feel that appellants' point must be overruled.

The decision of the trial court is in all things affirmed.