**Larry T. BISHOP et ux., Appellants,**

v.

**George SCHRYER, Appellee.**

**No. 4439.**

Court of Civil Appeals of Texas, Eastland.

Feb. 5, 1971.

Rehearing Denied Feb. 26, 1971.

James J. Crook, El Paso, for appellants.

George H. Hansard, Catyon, Gresham & Fulbright, William E. Fulbright, Lamesa, for appellee.

WALTER, Justice.

Virginia A. Schryer was granted a judgment of divorce from George T. Schryer and their adopted child was declared a ward of the court and his temporary custody was awarded to Larry and Reggie Bishop, subject to the further orders of the court. Judgment was rendered July 18th, 1970. On the 28th day of July, 1970 the court awarded the temporary custody of the child to the Lamesa, Dawson County Child Welfare Office of the State Department of Public Welfare. On August 4, 1970 the Bishops filed what was designated as an application for change of custody and asked for temporary custody until the child had lived in their home for six months at which time they wanted to adopt the child.

The court denied Bishop's application for temporary custody. The court again decreed that the child was a ward of the court and placed the temporary custody of the child with the Protective Division of the State Department of Public Welfare of Dawson County. It is from this order that appellants appeal.

They contend the court erred in denying their application for temporary custody of the child because they established by a preponderance of the evidence that they were fit and proper persons to have such custody, and the court abused its discretion and denied them due process of law.

We have considered the record and no useful purpose would be served by narrating the testimony that supports the judgment. We find there is some evidence which supports the judgment and the court did not abuse its discretion.

We have considered all of appellants' points and find no merit in them. They are overruled. The judgment is affirmed.

ON MOTION FOR REHEARING

Appellants contend in their motion for rehearing that their point number two presents a point of error on "the sufficiency of the evidence". They also contend it presents a point that the judgment is contrary to the overwhelming weight and preponderance of the evidence. Point number two is as follows:

"POINT II. The trial court abused its discretion in removing the minor child from petitioners and then denying their application for change of custody in that the testimony was overwhelmingly in favor of the suitability of appellants and that a preponderance of the evidence warranted the granting of their application for temporary custody of the minor child."

We will assume that it presents a point of error on the sufficiency of the evidence and is a contention that the judgment of the Court is contrary to the overwhelming weight and preponderance of the evidence. We have considered the entire record and find no merit in their contentions. In re: King's Estate, 150 Tex. 662, 244 S.W.2d 660 (Sup.Ct.1951).

Appellants' motion for rehearing is overruled.