**Mary Ruth DYESS, Appellant,**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellee.**

No. 17430.

Court of Civil Appeals of Texas, Dallas.

April 30, 1971.

Rehearing Denied May 21, 1971.

**842**

Freeman L. Mittenthal, Rosenfield, Mittenthal & Koppman, Dallas, for appellant.

H. T. Bowyer, William W. Sweet, Jr., Bowyer, Thomas & Sweet, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This is the second time we have had occasion to consider this appeal. In Dyess v. Connecticut General Life Ins. Co., 454 S.W.2d 860 (1970) we held that there was no evidence to support the answers of the jury that (1) Dyess' death resulted directly and independently of all other causes from accidental bodily injury; (2) that the death of Dyess did not result directly or indirectly from suicide; and (3) that the death of Dyess did not result directly or indirectly from an intentionally self-inflicted injury. The Supreme Court of Texas granted a writ of error and subsequently decided that there was some legally competent evidence to support the jury's findings on these issues. Dyess, Petitioner v. Connecticut General Life Ins. Co., Respondent, 463 S.W.2d 724 (1971). The Supreme Court remanded the appeal to this court for our consideration of appellee's Cross-Points 1, 2 and 3 to the effect that the jury's answers to the three special issues were contrary to the great weight and preponderance of the evidence and therefore manifestly wrong.

Inasmuch as the facts of this case have been fully stated in our original opinion, as well as the opinion of the Supreme Court, we shall not repeat the same here.

█ The sole question for our determination is whether, under the record in this case, the evidence pertaining to the three special issues is sufficient to justify the jury's answers thereto. We have, accordingly, again carefully reviewed and considered the entire statement of facts in this case in accordance with the rule announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), and also by Chief Justice Rob-

ert W. Calvert in his article entitled, "'No Evidence' and 'Insufficient Evidence' Points of Error", Texas Law Review, Vol. 38, pp. 361–372, and also the opinion of the Supreme Court in Stanfield v. O'Boyle, 462 S.W.2d 270 (1971). Having done so, we find that the answers of the jury to Special Issues 1, 2 and 3 are so contrary to the great weight and preponderance of the evidence as to be manifestly wrong or unjust. We sustain appellee's Cross-Points 1, 2 and 3 and reverse and remand the judgment of the trial court. All costs incurred in this court are assessed against appellant.

Reversed and remanded.

## ON MOTION FOR REHEARING

■ Appellant Mary Ruth Dyess, in her motion for rehearing, complains of the assessment of costs against her. Upon reconsideration we sustain this contention and assess all costs against appellee.

In all other respects the motion for rehearing by appellant is overruled.