**BAXTER AND COMPANY, Appellant,**

v.

**Alice Lilly BOLGAR and Marie Sassone, Appellees.**

No. 11891.

Court of Civil Appeals of Texas, Austin.

Feb. 23, 1972.

Rehearing Denied March 15, 1972.

———◆———

Schneider & Boethel, Allan I. Schneider, Giddings, for appellant.

William Key Wilde, Bracewell & Patterson, Houston, for appellees.

SHANNON, Justice.

Appellant, Baxter and Company, has appealed from a judgment of the District Court of Fayette County in favor of appellees, Alice Lilly Bolgar and Marie Sassone.

Appellees sued John F. Czichos and wife, Jeanne Cecile Czichos, and appellant to set aside a deed of July 14, 1970, from the Czichoses to appellant of certain tracts of land in Fayette and Lavaca Counties upon the basis that the deed was executed in fraud of appellees as creditors. The case was tried to a jury, and judgment was entered setting aside the deed and ordering the land sold in satisfaction of a previous judgment obtained by the appellees against the Czichoses. Only Baxter and Company has prefected an appeal.

Appellees pleaded that they obtained an agreed judgment against the Czichoses in the United States District Court for the Northern District of Texas for $19,847.68 on November 11, 1969. Appellees alleged, in the terms of the Texas Business and Commerce Code, Article 24.02, V.T.C.A. that the Czichoses conveyed appellant the land with the intent to hinder, delay and defraud them as judgment creditors, and that appellant took with notice of the Czichoses' intent. Appellant filed a general denial as answer.

The jury found that the Czichoses' conveyance was made with the intent to delay, hinder, and defraud creditors, and that at the time of that conveyance, Gordon Clegg, president of appellant, had notice of the Czichoses' intent. An instruction was included in the charge, without objection, that, "Notice may be either actual notice or constructive notice. Constructive notice is knowledge of facts that would cause a reasonably prudent person to make inquiries which would lead to a discovery of in-

tent to delay, hinder or defraud any creditor from obtaining that to which he is, or may become entitled."

Appellant filed no motion for new trial, but rather filed a motion for judgment *non obstante veredicto*, upon which its three points of error are based. The first point is that the court erred in refusing to grant its motion for judgment *non obstante veredicto* for the reason that the " . . . findings of the jury, if true, do not show sufficient intent to delay, hinder or defraud any creditors on the part of Defendants Czichos," while the second point complains that the court erred in refusing to grant its motion for judgment *non obstante veredicto* since there " . . . is no evidence to support the jury's findings that at the time of the conveyance made the basis of this lawsuit, that Defendant Baxter and Company had notice of such fraudulent intent." Appellant's third point is that the court should have granted its motion for judgment *non obstante veredicto* " . . . since the Plaintiffs had seized personal property on execution and therefore the judgment was satisfied to the extent of the value of such property."

■ Because the appeal is predicated upon a motion for judgment *non obstante veredicto* and because of the nature of the relief sought in appellant's brief, we view appellant's points as "no evidence" points irrespective of their terminology. University of Texas: Justice Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960).

■ To sustain appellant's points one and two, it must be determined that there is no evidence to justify the jury findings. In considering these points all evidence must be considered most favorably to the jury's verdict, and every reasonable intendment inferable from that evidence is to be indulged in favor of the verdict. In Re

King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952).

Viewed most favorably to appellees, as required by the rules of decision, we hold that there was some evidence that the Czichoses conveyed the tracts of land to appellant with the intention to delay, hinder or defraud the appellees, and that the appellant at the time it took the conveyance had either actual or constructive notice of the intention of the Czichoses. Walter W. Hirsch, an attorney, testified that he represented appellees in the previous suit against the Czichoses, which resulted in the entry of the agreed judgment. In negotiations prior to judgment the Czichoses, through their attorney, affirmed ownership of an unprofitable drug store in La Grange and their intention to relocate the store on a better lot which they owned. The representation was that the only way they could pay the judgment was to permit them to relocate and increase their income flow. To achieve this end, the appellees agreed not to abstract the judgment or levy execution. The Czichoses agreed, in turn, not to sell the property in question.

After making three payments toward retirement of the judgment, the Czichoses defaulted. Hirsch then learned that they had conveyed the tracts to appellant, and in a telephone conversation Mr. Czichos told Hirsch that the conveyance to appellant was a sham transaction to get the property away from some creditors who were pressing him. At trial Czichos denied that he had said the conveyance was a sham.

■ Gordon Clegg, appellant's president, was called as an adverse witness. Clegg is an accountant by training, and he assisted the Czichoses in applying for a loan from a Houston and a La Grange bank in June of 1970. In this connection he prepared balance sheets and financial statements and, of course, became familiar with their assets and their liabilities. Clegg testified that he was well aware that the Czichoses were in a bad financial condition at the time his company, through him, took the deed to the tracts in question. According to the financial statements which Clegg had prepared, the land conveyed by the Czichoses to appellant had a combined appraised value of $50,000.00. As consideration for the land appellant put $7,500.00 in a bank account from which Mr. Czichos paid overdue accounts to his drug store suppliers; appellant assumed a $3,000.00 note of the Czichoses; and appellant transferred 210 shares of Baxter and Company to the Czichoses. And there was evidence from which the jury could have concluded that the shares of stock in Baxter and Company at the time of the transfer to the Czichoses had a somewhat limited market.

■ Appellant's third point of error is that its motion for judgment *non obstante veredicto* should have been granted since the plaintiffs had seized personal property of the Czichoses and that " . . . therefore the judgment was satisfied to the extent of the value of such personal property." This point is without merit inasmuch as it concerns a defense in the nature of accord and satisfaction or payment, both of which must be affirmatively pleaded. Rules 94 and 95, Texas Rules of Civil Procedure. Additionally appellant did not request issues submitting its theory of accord and satisfaction or payment, thereby waiving those defenses. Denton Publishing Company v. Boyd, 460 S.W.2d 881 (Tex. 1970), Rule 279, Texas Rules of Civil Procedure, McDonald, Texas Civil Practice, Vol. 3, § 12.36.2 (Revised Volume, 1970).

The judgment is affirmed.

Affirmed.