The **ROBERTS CORPORATION**, Appellant,

v.

*The* **AUSTIN COMPANY**, a *corporation*, Appellee.

No. 5251.

Court of Civil Appeals of Texas, Waco.

Oct. 25, 1973.

Elliott, Meer, Vetter, Denton & Bates, George M. Elliott, Dallas, James A. Thompson, Albuquerque, N. M., for appellant.

Luna & Jackson, Earl Luna, Dallas, Arter & Hadden, Cleveland, Ohio, for appellee.

## OPINION

McDONALD, Chief Justice.

Plaintiff Austin, the general contractor, sued defendant Roberts the subcontractor responsible for the erection of a nine story reinforced concrete motel building, for damages for breach of contract in failing to complete the work, and for leaving unpaid bills which plaintiff had to pay. Defendant Roberts answered by general denial and cross claimed for extra expenses allegedly resulting from plaintiff's lack of coordination, delays in letting other subcontracts, faulty plans, and insisting on wasteful construction methods.

Trial was to a jury which found:

1) Roberts failed to substantially perform the contract according to the plans and specifications.

2) $63,782.25 was the reasonable and necessary cost to Austin to complete the contract.

5) After Roberts left the job it was necessary for plaintiff to pay some of Robert's reasonable, necessary and just bills to prevent liens against the property.

6) Plaintiff paid $135,309.58 on such bills for Roberts.

7) Roberts changed the location of blockout openings at the request of Al Zetrapalick to conform with plaintiff's revised plans.

8) $10,000 was the reasonable and necessary cost to Roberts for changing such blockout openings.

9) Roberts supplied extra work and materials upon oral requests from Bantlow and Stevens (Austin's employees).

10) The reasonable and necessary costs to Roberts for furnishing extra work and material was "NONE".

11) Austin did not waive the provisions of the written contract that required that changes be made only upon written change orders from Austin.

12) Tom Poppos or Warwick Stevens required Roberts to pour the floors in thirds rather than fifths.

13) Such did not increase the cost of construction.

15) Pouring of the floors in fifths would not produce a structure as sound as that that was poured in thirds.

16) Roberts furnished electricity and ice to the workers in excess of that required for Roberts employees.

17) The cost of such additional electricity and ice was $700.

18) Austin Company through Warwick Stevens did not require Roberts to pour the second floor before pouring the first floor.

The trial court found that $64,860.00 was the contract balance held by plaintiff, and credited such amount along with the amounts found by the jury in answer to issues 8 and 17 against the amounts found by the jury in answer to issues 2 and 6; and rendered judgment for plaintiff for $123,531.83 (plus cancelling liens Roberts had recorded against the property.)

Defendant appeals on one point contending the evidence taken as a whole is insufficient to support the jury's answers to Issues 1, 2, 6, 8, 10, 11, 13, 14, 15, 18, 19, and 20; that the jury's answer to Issue 10 is in conflict with the jury's answer to Issue 9; and that the jury's answer to Issues 13, 14, and 15 are in conflict with the jury's answer to Issue 12.

Issues 14, 19 and 20 were not answered by the jury; and defendant did not raise the contentions of issue conflict in its motion for new trial as required by Rule 374 Texas Rules of Civil Procedure. St. Paul Fire & Marine Ins. Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744. Moreover the issues do not conflict.

Thus defendant's point for determination is that the evidence is insufficient to support the jury's answers to Issues 1, 2, 6, 8, 10, 11, 13, 15, and 18.

Defendant Roberts contracted to construct the foundation and concrete structure for a nine story motel building for $609,387.00. Roberts believed it had finished its work in December 1970; and on December 10, 1970 Austin wrote Roberts terminating the contract. At this time Austin had paid Roberts all but $64,860. of the contract price.

Issue 1 found Roberts failed to substantially complete its work, and Issue 2 found $63,782.25 was the reasonable and necessary cost to Austin to complete the contract.

There is evidence that Roberts did not complete its work. The evidence conflicts as to the necessary and reasonable cost to Austin to complete the contract, but considering the record as a whole we cannot say that the jury's answer to Issues 1 and 2 are against the great weight and preponderance of the evidence.

Issue 6 found that plaintiff paid $135,309.58 on Robert's unpaid bills in order to clear potential liens. Defendant asserts the $19,094. paid to United Masonry and $1901.44 paid to C. M. Scott should not have been paid because their work was inferior, and seeks reduction from $135,309.58 to $114,314.09. Defendant did not post bond as required by the contract to protect plaintiff in event of a dispute as to the work of United and Scott. The payments to United and Scott were for removal of liens for work completed or supplies delivered, and the jury's finding is not against the great weight and preponderance of the evidence.

Issue 8 found that $10,000. was the reasonable and necessary cost to Roberts for changing blockout openings. There is evidence from which the jury could have answered this issue with a higher figure, but the jury arrived at its verdict after hearing conflicting evidence, and we think the finding not against the great weight and preponderance of the evidence.

Issue 10 found that the reasonable and necessary cost to Roberts for extra work and material furnished was "NONE". Defendant asserts that the evidence supports

an answer of $13,168.82 to this issue. There is evidence of poor workmanship on the part of Roberts, and that Roberts agreed in writing to be responsible for correcting it, thus requiring Roberts to furnish extra work and material. The evidence conflicts, but we think the jury's answer not against the great weight and preponderance of the evidence.

We have examined the almost 1800 pages in the Statement of Facts, the exhibits, and photographic evidence, and conclude the jury's answers to the Issues complained of are not against the great weight and preponderance of the evidence from the record as a whole. In re Kings Estate, 150 Tex. 662, 244 S.W.2d 660.

Defendant's point is overruled.

Affirmed.