AUSTIN INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

Leila ROUNTREE, Appellee.

No. 6070.

Court of Civil Appeals of Texas, Waco.

May 31, 1979.

Rehearing Denied June 21, 1979.

**908**

James G. Noland and T. B. Wright, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellant.

Tony Korioth, Law Office of Tony Korioth, P. C., Austin, for appellee.

## OPINION

JAMES, Justice.

This is a workmen's compensation case. Plaintiff-Appellee Leila Rountree secured a judgment based upon jury findings against Defendant-Appellant Austin Independent School District, a self-insurer, for total and permanent benefits. We affirm.

The jury verdict, insofar as same is pertinent to this appeal, may be summarized as follows: Claimant, a 64 year old custodian at a junior high school, sustained a total loss of the use of her left leg as the result of an injury of October 30, 1975; that such total loss of use was permanent; the jury failed to find that she will have any partial loss of the use of her left leg following such injury; the jury found that the injury to her left leg, combined with the previous loss of her right eye was the producing cause of total incapacity which began on October 30, 1975, and was permanent. Pursuant to and in harmony with the jury verdict, the trial court entered judgment in favor of the Claimant against the School District for total and permanent benefits, from which judgment the School District appeals.

Appellant's thirteen points of error may be grouped under four headings, wherein the jury's answers to Special Issues Numbers 4, 6, 12, and 14 are challenged because of asserted legal and factual insufficiency. We overrule all of Appellant's points and contentions and affirm the trial court's judgment.

Claimant, a 64 year old woman, was injured on October 30, 1975, when she fell down a flight of about six stairs while working as a custodian at Bedichek Junior High School for Appellant School District, a self-insured entity under Article 8309h, Vernon's Texas Civil Statutes. Mrs. Rountree had gone to work for Appellant School District as a custodian on December 18, 1963, and retired therefrom on May 28, 1976. She had an almost perfect attendance and work record up to the time of her retirement except for about two months in 1969 after she lost her right eye because of a malignant tumor behind the eye, and the twenty days she was off work following the accident which was the basis of this suit. Her duties as a custodian included heavy lifting, moving furniture out of rooms, "stripping rooms," mopping with the use of

and picking up and filling industrial buckets, general cleaning of classrooms and the office, sweeping, spot cleaning the walls of class rooms and halls, work in the cafeteria, and general cleaning that had to be done. She was required in her work to go up and down stairways encompassing three floors.

Appellant asserts there is no evidence and insufficient evidence to support the jury's finding in answer to Special Issue No. 4, wherein the jury found that Claimant's total loss of the use of her left leg was permanent; that the jury's answer to Special Issue No. 6, wherein the jury failed to find that Claimant will have any partial loss of the use of her left leg, should be set aside because the evidence conclusively establishes only a partial loss of use of the left leg, and that such failure to find partial loss is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Moreover, Appellant argues there is no evidence, and insufficient evidence to support the jury's answer to Special Issue No. 12, wherein the jury found that the injury to Plaintiff's left leg combined with the previous loss of her right eye produced total incapacity; and that there is no evidence and insufficient evidence to support the jury's answer to Special Issue No. 14, wherein the jury found that the injury to Plaintiff's left leg, combined with the previous loss of her right eye produced permanent incapacity.

At the outset we can dispose of Appellant's "no evidence" points by saying that in our opinion there is ample evidence to support the jury's answers to Special Issues Numbers 4, 12, and 14, and that the evidence does not conclusively establish that Plaintiff had only a partial loss of use of her left leg (germane to Special Issue No. 6).

With reference to the Appellant's assertions of factual insufficiency of the evidence to support the jury's findings in answer to Special Issues Numbers 4, 12, and 14, and the jury's failure to find in answer to Special Issue No. 6, we have carefully examined the entire record and weighed the evidence both for and against the jury's findings, in accordance with the test laid down by our Supreme Court in the case of *In re King's Estate* (1951) 150 Tex. 662, 244 S.W.2d 660. From our examination of the entire record, we are of the opinion and hold that such findings (and failure to find in answer to Special Issue No. 6) are not so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Plaintiff Mrs. Rountree had previously lost the sight of her right eye in 1968, and in 1969, while employed by Appellee School District said eye was removed because of a cancerous condition. Her loss of sight in this eye was not work-related, insofar as the record shows. After losing her right eye, she continued to work for Appellee with an almost perfect attendance record until she fell coming down the stairs on October 30, 1975, injuring her left knee. She reported the injury to the school office and went to Brackenridge Hospital where she was X-rayed and treated by a doctor on duty. On November 3, 1975, she saw one of her family physicians, Dr. B. O. White, who, after some treatment, released her to return to work on November 19, 1975. She continued to have problems with her knee up until the Christmas holidays. In January 1976, she saw Dr. J. Stanley Wright and his son, Dr. Robert Wright, chiropractors, complaining of her knee. She continued to be treated by them for this injury through March 7, 1976. During this time Mrs. Rountree continued to work but with considerable discomfort. Prior to this leg injury she was such a good worker that she never took her allotted 15 minute breaks and even stayed at school during her lunch break; whereas after said injury she had to go home every day at lunch and put her leg up and rest. In May 1976, her knee gave way on her and she fell at home. Before the leg injury, Mrs. Rountree had planned to continue working for three or more years; however, after her leg injury she retired in May 1976. She testified that she was not able to continue to do the work as she thought it should be done. In July 1976 her leg gave way on her again, whereupon

she appeared at the offices of the Drs. Wright on crutches stating that she had never been fully free of pain. The Drs. Wright continued to treat her and stated she was free of pain except when she stands for any length of time.

In September 1976, Appellant's servicing contractor, Texas Employers Insurance Association, requested that Mrs. Rountree see Dr. Jack Kern, an orthopedic surgeon, who testified that she had suffered an injury to her left knee and the injury had aggravated her degenerative arthritis. Dr. Kern stated that she had a 5% permanent disability or impairment to her left knee, testified that she was 75 pounds overweight at the date of his examination, and further found that she should not be seeing or receiving any further treatment from chiropractors. However, Mrs. Rountree continued to be treated by the chiropractors up until two or three weeks before trial.

While working for Appellant School District, and after retirement, Mrs. Rountree sold Amway, Dutchmade Products, and Aloe Vera skin care products to her friends and neighbors over the telephone and in person, as a way to supplement her income. The evidence shows that in 1976, she drove her car 6000 miles in this work; however, she did not make enough money selling these products in 1977 to require her to file an income tax return. She continued to do this selling work up to the time of trial in May 1978; however the record is silent as to what money she made from this work.

We recognize that there is conflicting testimony in the record in that Appellant has presented some medical testimony to the effect that Mrs. Rountree's injury was not serious; whereas, Mrs. Rountree's evidence shows a factual pattern of a leg injury which got steadily worse as time went on, without any subsidence of pain and discomfort overall. In spite of her age, discomfort, and the loss of her right eye, she was a cheerful and diligent worker, and was not the type to complain. From the record as a whole, we cannot say that the jury findings complained of are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. The jury as trier of fact had the opportunity to see and hear the witnesses in person and to weigh their credibility. Moreover, the jury had the opportunity to observe the Claimant Mrs. Rountree's physical condition and demeanor during the trial.

Judgment of the trial court is affirmed.

AFFIRMED.