11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Monica McCorkle

Appellant

Vs.                   No.
11-00-00304-CV  -- Appeal from Dallas
County

Marcia M. Schonborn

Appellee 

 

After a
nonjury trial in which Marcia M. Schonborn and her attorney were the only
witnesses who testified,  judgment was
rendered that Schonborn recover $172,701.68 from Monica McCorkle.  McCorkle perfected a Arestricted appeal@ under TEX.R.APP.P. 30.[1]   We affirm.

                                                                  Issue
Presented

Appellant
presents only one issue for appellate review under TEX.R.APP.P. 38.1(e).  That issue reads in full as shown:

The trial
court erred in finding that the Appellant is Aindebted@ to Appellee at trial on the issue of damages
in this post answer default case as Appellee failed to offer sufficient
evidence and prove her case as in a judgment upon trial.

 

                                                                Background
Facts

At the
hearings on March 8 and March 13, 2000, Schonborn testified without objection
to the facts surrounding the automobile accident on March 31, 1997, and to the
injuries which she received in that accident. 
Schonborn=s attorney testified as to his actions to
make sure that McCorkle and her liability insurance company were aware of the
trial setting and that both of them had copies of the pleadings which had been
filed.  Thirty-two exhibits were
admitted into evidence without objection because neither appellant nor her attorney
were present for the hearing.

                                                             Trial
Court=s Judgment








The
recitals in the trial court=s judgment state that appellant had filed an answer and had been given
actual notice of the trial setting, that appellant did not appear at trial, and
that the case had been tried to the court. 
The trial court=s
judgment then states that, after Aconsideration of the evidence presented and pleading of the parties,@ the court finds that Schonborn should
recover from McCorkle the sum of $172,701.68 plus post-judgment interest at the
rate of 10 percent per annum from the date of judgment until paid.  The judgment also states that Schonborn=s damages consist of the following:

Past medical expenses:              $19,693.69

Past Physical Pain-Mental
Anguish      50,000.00

Past Lost Physical
Capacity                  50,000.00

Future Pain-Mental
Anguish                10,153.31

Future Lost Physical
Capacity              10,153.00

Prejudgment Interest                             32,701.68                    

 

                                                             Sufficiency
of Evidence

Exhibit
No. 1 is the police report which states that McCorkle=s vehicle Achanged lanes when unsafe.@  Exhibit No. 2 contains
business records of Southwest Orthopedic Institute and James Montgomery, M.D.,
which discuss the treatment of Schonborn=s neck, back, and knee.  Exhibit
No. 3 contains business records of St. Paul Southwest Imaging Center which show
an X-ray diagnosis of abnormal triple phase study of the knees.  Exhibit No. 4 contains business records of
White Rock Physical Therapy Clinic which show therapy for left knee and back
pain.  Exhibit No. 5 contains business
records of Southwestern Physical Therapy - Turtle Creek/Orthopaedic &
Sports Physical Therapy which show treatment for Schonborn=s knee and back.  Exhibit No. 6 contains business records of Matrix Rehabilitation
Walnut Hill which show treatment of Schonborn=s knee, neck, hip, and shoulders. 
Exhibit No. 7 contains business records of Genesis Medical Networks,
Inc. showing a Aworsening condition@ with constant headache and intermittent
migraines.  Exhibit No. 8 contains
business records of Audrey Stein Goldings, M.D., concerning treatment for
headaches.  Exhibit No. 9 contains
business records of Neurology Consultants of Dallas showing right shoulder pain
and headaches.  Exhibit No. 10 contains
business records of Michael Katz, M.D., showing treatment for right shoulder
discomfort.  Exhibit No. 11 contains
business records of Open MRI relating to right shoulder pain.  Exhibit No. 12 contains business records of
Renaud Rodrique, M.D./Southwest Pain Group showing an Aimpression@ of multiple sclerosis and lumbar radiculopathy.  








Exhibit
No. 13 contains business records of Southwest Orthopedic Institute/James
Montgomery, M.D., showing medical charges of $3,345.38.  Exhibit No. 14 contains business records
from St. Paul Southwest Imaging Center showing charges of $242.85, $98.00, and
$22.75.  Exhibit No. 15 contains
business records of White Rock Physical Therapy Clinic showing charges for 12
days charged at $126.33 per day and one day charged at $196.33.  Exhibit No. 16 contains business records of
Southwestern Physical Therapy - Turtle Creek/Orthopaedic & Sports Physical
Therapy showing charges for a total of $1,282.00.  Exhibit No. 17 contains business records of Matrix Rehabilitation
Walnut Hill showing charges for a total of $1,570.00.  Exhibit No. 18 contains business records from Genesis Medical
Networks, Inc. showing charges for a total of $1,197.00.  Exhibit No. 19 contains business records of
Doctors= Hospital showing charges for a total of
$290.00.  Exhibit No. 20 contains
business records of Audrey Stein Goldings, M.D., showing charges for a total of
$262.00.  Exhibit No. 21 contains
business records of Neurology Consultants of Dallas showing charges for a total
of $802.00.  Exhibit No. 22 contains
business records of Michael Katz, M.D., showing charges for a total of
$397.00.  Exhibit No. 23 contains
business records of Open MRI showing charges for $1,100.00 for May 5,
1998.  Exhibit No. 24 contains business
records of Open MRI showing charges of $1,100.00 for July 13, 1998.  Exhibit No. 25 contains business records of
Dallas Open MRI/Comprehensive Open MRI-Dallas showing a balance due of
$1,100.00.  Exhibit No. 26 contains
business records of Tom Thumb Pharmacy showing charges for a total of
$966.32.  Exhibit No. 27 contains
business records of Robert Bulger, M.D./Southwest Pain Group showing charges
for a total of $1,898.00.  Exhibit No.
28 contains business records of Renaud Rodrique, M.D./Southwest Pain Group
showing charges of $1,425.00, $1,850.00, and $85.00.  Exhibit No. 29 contains business records of Anna Tseng,
M.D./Neurology Consultants showing charges of $185.00, $25.00, $32.00, $585.00,
$85.00, and $60.00.  

Exhibit
No. 30 is the certified letter which Schonborn=s attorney sent to McCorkle=s insurance company on June 10, 1999, with copies of the petition which
had been served and with copies of the written interrogatories and requests for
admissions.  Exhibit No. 31 is a copy of
the letter from McCorkle=s insurance company acknowledging receipt of the June 10 letter.  Exhibit No. 32 contains the certified
letters which were sent on July 2, 1999, 
to McCorkle and also to her insurance company advising them that the
case had been set for trial and enclosing a copy of the trial court=s scheduling order.         

 








                                                                This
Court=s Ruling

The issue
presented for appellate review is overruled because TEX.R.EVID. 802
specifically provides that inadmissible hearsay evidence which is admitted
without objection Ashall
not be denied probative value merely because it is hearsay.@ 
Further, the business records were admissible as exceptions to the rule
against hearsay.  See TEX.R.EVID.
803(1), (3), (4), (5), and (6). 
Consequently, there is evidence which supports the judgment of the trial
court.  The trial court=s findings are not Aso against the great weight and preponderance
of the evidence as to be manifestly unjust.@  In re King=s Estate, 244 S.W.2d 660, 661 (Tex.1951). 

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

November 15, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

McCall, J., and Dickenson, S.J.[2]











[1]She did not participate, either in person or through
counsel, in the hearings that resulted in the judgment complained of; and she
did not timely file a post-judgment motion, request for findings of fact and
conclusions of law, or a notice of appeal within the time permitted by
TEX.R.APP.P. 26.1(a).





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.