**Lynn A. HUCKABEE, Appellant,**

v.

**INDUSTRIAL UNDERWRITERS INSURANCE CO., Appellee.**

**No. 8092.**

Court of Civil Appeals of Texas,
Amarillo.

Feb. 15, 1971.

Smith & Smith, Mark Smith, Lubbock, for appellant.

Jack Look, Dallas, Key, Carr, Evans & Fouts, Lubbock, for appellee.

JOY, Justice.

Appellant brought suit below alleging compensation due for injuries under the Workmen's Compensation Act and from judgment of temporary total incapacity of ²⁄₇ of one week the plaintiff has here appealed. Affirmed.

On June 24, 1966, appellant suffered an injury as a result of which he was off work approximately two days. Appellant was not hospitalized at that time and the treating doctor, after examination and treatment of appellant for contusions and abrasions, released him for work on the same day of the injury. On September 23, 1967, appellant suffered another injury while employed by the same company and after which appellant secured an attorney and filed separate law suits for the two injuries. In each suit appellant contended he was totally and permanently disabled. Trial was had upon the suit filed for the September 23, 1967 injury prior to this suit brought on the June 24, 1966 injury with appellant securing a verdict of total and permanent disability. At the time of the second injury the employer had changed compensation carriers, therefore, that suit was against a different insurance company.

Appellant has grouped points of error 1, 2, 5 and 6 and they are treated here similarly. Essentially the points contended

are (1) no evidence and insufficient evidence to sustain the answer of the jury of "temporary" to Special Issue No. 6 inquiring whether or not the incapacity of appellant was temporary or permanent and (2) no evidence and insufficient evidence to sustain the jury's answer to Special Issue No. 8 answered "no partial incapacity" by the jury. In reviewing the evidence in reference to both issues we follow the rule as set forth in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952). It is undisputed that appellant suffered an injury on June 24, 1966, however, the appellant returned to work after two days, performing the same duties and doing the same heavy work up until he was hospitalized in April, 1967. After some ten days in the hospital appellant returned to work and before the injury in September, 1967, he was fully recovered and able to perform the work "lifting or anything else as well as any man". In a statement given to an adjuster subsequent to the September, 1967 job injury, appellant contended that the hospitalization in April, 1967 was not job connected and that he had suffered no back injury on the job prior to September, 1967. The pleadings filed in the suit for the later injury of September, 1967 further contended no prior job connected back injury. We do not think it necessary to unduly extend this opinion with other quotes from the evidence. We find some evidence of probative force to sustain the trial court's submission of both issues and the answers of the jury thereto. Furthermore, in viewing all the evidence we find it sufficient.

■ Appellant also asserts as error the answer of the jury of 2/7 of one week of incapacity as being against the great weight and preponderance of the evidence. Suffice it to say, from the evidence heretofore quoted and all the evidence, we find no error.

■ Appellant next contends no evidence and insufficient evidence to support the jury's finding of $52.00 of medical bills incurred in reference to the injury and none for hospital bills. At the time of the June 24, 1966 injury appellant was treated and released on the same day by Dr. Golightly. The medical bill for the examination and treatment was in the amount of $52.00 as found by the jury.

We find no reversible error, therefore, the judgment of the trial court is affirmed.