**FOLEY NEWSOM OIL COMPANY et al.,
Appellants,**

v.

**Glasier CRAWFORD, Appellee.**

**No. 1001.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 30, 1974.

Rehearing Denied Nov. 20, 1974.

Charles M. Burdeaux, Philip Mabry, Houston, for appellants.

Jack E. Stephens, Houston, for appellee.

CURTISS BROWN, Justice.

This is an unreasonable collection methods case. Foley Newsom Oil Company (Foley) and Accounts Management Corporation of Pasadena (Accounts) appeal from a judgment of the trial court awarding appellee Glasier Crawford (Crawford) $3,000 in actual damages, $170 in medical expenses and $15,000 in exemplary damages. Trial was to a jury.

The jury found that Accounts was acting as an independent contractor; had made unreasonable collection efforts against Crawford; had proximately caused damages to appellee; and had been guilty of malice or gross negligence in its collection efforts. With regard to Foley Newsom, the jury found they had not authorized nor ratified, either expressly or impliedly, the unreasonable collection methods of Accounts; they had not been negligent in selecting Accounts to collect the debt; that Diamond Shamrock was not acting as an agent for Foley Newsom in this matter; that Foley Newsom knew or should have known, prior to its submitting the debt to Accounts, that said debt was in dispute; and that Foley was not guilty of malice or gross negligence. Judgment was entered against Foley and Accounts jointly and severally for the damages found.

Appellant Foley contends that they were not liable to appellee as a matter of law and that no verdict, particularly on causation, had been obtained against it. Appellant Accounts attacks the verdict as being against the great weight and preponderance of the evidence, attacks the findings of malice and attendant exemplary damages, contends that it was entitled to judgment as a matter of law, and claims jury misconduct.

The alleged debt which forms the basis of this suit arose out of charges made on a Texaco Credit Card, embossed with Crawford's name, but never received by him. In February of 1968, Crawford was contacted by Diamond Shamrock concerning $47.10 in purchases made at Foley. This contact was made pursuant to the distributorship agreement between Diamond Shamrock and Foley under which initial collection efforts for credit card purchases were to be made by Diamond Shamrock. After reviewing the charge slips, Crawford undertook to investigate the transactions to discover who had actually made the purchases. He discovered that the license plate number entered on the charge slips belonged to an automobile which was registered to a person who had moved into his former residence. This information was forwarded to Diamond Shamrock which acknowledged that Mr. Crawford did not owe this debt. These uncollected charges were returned to

Foley who turned them over to Accounts to see if they could not be collected. Accounts' employee then undertook to attempt to collect these charges from Crawford. The actions of this employee form the basis of this suit.

■ Turning first to Foley's appeal, we note that the jury verdict exonerated it. Absent a finding that there was an agency relationship between Foley and Accounts, there is no theory in law on which to impute the action of Accounts by its employees to Foley. The jury's finding that Accounts was an independent contractor is well supported in this record. We, therefore, sustain Foley's second point contending that the trial court erred in entering judgment against it as there was no submission nor finding of causation. As to Foley, the judgment will be reversed and rendered.

■ Appellant Accounts' points asserting that the findings of unreasonable collection efforts against it were against the great weight and overwhelming preponderance of evidence are overruled. Accounts' employee called Crawford in the first part of March and he advised her that he didn't owe the debt, the charges having been made by someone else. He explained to her that the matter had been cleared up and that she could ascertain the facts from Mr. Liles of Diamond Shamrock in Amarillo. She ignored Crawford's position and insisted that he must pay since the card was in his name. She called him on many occasions including during his sleeping periods. She contacted the neighbors concerning him and induced their child to provide her with the telephone number of Crawford. During the course of the Accounts employee's activities, she was informed by Crawford that he had become ill as a result of her collection efforts. She threatened his job since he was a police officer and she claimed to be a personal friend of Chief Short, head of the Houston Police Department. She stated: "You will pay this bill. I will

see to your paying it, regardless of whether you owe it or not." She continued the harassment in April and on into August of 1968. She threatened his job. She threatened to sue him and to have him put in jail. As a crowning blow, she wrote Chief Short, as she had threatened, "He will fire your * * *, once I report to him that you made such a bill." Under the evidence, an accusation against a police officer of the City of Houston that he has not paid a legitimate debt is a serious matter. In the event it had been determined by the investigation that ensued that the debt was in order, it might have cost Crawford his job. An extensive investigation was conducted by the hierachy of the Police which resulted in much agitation and loss of time by Crawford, but, ultimately· resulted in a report being made up the chain of command to Chief Short that the alleged debt was not owed by appellee.

Appellant Accounts introduced evidence which contradicted the testimony of appellee in most particulars. Accounts did concede the writing of the letter to Crawford's employer three days after it claims that the first collection letter had been sent to appellee. The jury chose not to believe appellant's evidence. We have reviewed the evidence as required by In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952) and we cannot say that the findings of the jury were so greatly against the great weight and preponderance of the evidence as to be clearly wrong or unjust. We also reject appellant's claim that it was entitled to judgment as a matter of law. See Ware v. Paxton, 352 S.W.2d 520 (Tex.Civ.App.—Dallas 1961 affm'd 359 S.W.2d 897 (Tex. Sup.1962); Bank of North America v. Bell, 493 S.W.2d 633 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ).

Appellant Accounts' complaints of jury misconduct are equally unfounded. No hearing was held in the trial court on motion for new trial presenting evidence of any jury misconduct.

All of appellant Accounts' points have been considered and are overruled.

The judgment of the trial court against Foley Newsom Oil Company is reversed and rendered. The judgment of the trial court with respect to appellant Accounts Management Corporation of Pasadena is affirmed. Costs are assessed one-half against appellee Crawford and one-half against appellant Accounts.

Reversed and rendered in part; affirmed in part.