Odessa Bell BIBBS, Appellant,

v.

Lujus C. MASSEY et al., Appellees.

No. 888.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 21, 1974.

Marion T. Carson, San Antonio, for appellant.

R. L. Miller, Gonzales, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from the district court judgment admitting to probate a will of Mark V. Jones, who died May 13, 1973. The controversy arose between prospective beneficiaries over two purported wills of Jones: one dated April 20, 1972; the other, July 22, 1972.

The county court admitted the July will to probate and denied probate of the April will. Thereafter, on the appeal, the district court, after a non-jury trial, rendered judgment admitting the April will to probate and denying probate of the July will. In its judgment the district trial court found that the July will was a forgery and not signed by Mark V. Jones, deceased. From that judgment Odessa Bell Bibbs, the proponent of the July will, appeals.

The appellant does not challenge the validity of the April will other than by contending it was revoked by the July will. In three points of error, she complains that the trial court's finding of forgery, and the resulting judgment admitting the April will to probate as the last will of Jones, is so against the great weight and preponderance of the evidence as to be manifestly unjust.

From the undisputed evidence we learn that Jones was married only once, and his wife predeceased him. No children were born or adopted during that marriage. During most of his adult life he had lived in Gonzales, Texas, and had there employed an attorney, Honorable R. L. Miller, on several occasions. That attorney prepared the April will, and Jones executed it in the attorney's office with two of the office secretaries as subscribing witnesses. Jones was then approximately 76 years old. That will named as beneficiaries his sister, two nieces, and Lujus C. Massey, nephew. Massey was also named the executor. The July will was drafted by a scrivener who was neither produced nor identified at the trial. That will was executed before a notary public in San Antonio, Texas, with two residents of San Antonio as subscribing witnesses. Odessa Bell Bibbs, the appellant here, was named sole beneficiary and executrix in the July will. She was there referred to as the fiancee of the testator.

■ In resolving points such as these of the appellant, we are required to consider and weigh all of the evidence in the case and to remand the case for a new trial if we conclude that the trial court findings are so against the weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

In that regard, we will first examine the evidence produced by the appellant. A brief summary follows of the testimony of her five witnesses: herself; the two subscribing witnesses, T. H. Hodges and Iva Lea Tanner; the notary public, Johnnie L. Thomas, and a handwriting expert, Aubrey Davenport. On July 22, 1972, Jones, driving his own car, picked up Hodges and Mrs. Tanner and drove them to the home of Mrs. Thomas. There the will was executed with Hodges and Tanner as witnesses. Hodges had known Jones over 40 years; Mrs. Tanner had seen him twice before at the appellant's home; and Mrs. Thomas had never seen him before. Mrs. Tanner described Jones as about 5′ 8″ tall and weighing 160 to 170 pounds. Hodges characterized Jones' health that day as normal and his disposition as cheerful. In the opinion of the handwriting expert, Davenport, the July will bore the true signature of Jones. We find no evidence in the record of any romantic involvement of Jones with appellant Bibbs. Even Mrs. Bibbs did not mention it in her testimony.

We will now summarize the evidence of the nine witnesses produced by the appel-

lees: Massey's wife; two legal secretaries and witnesses of the April will, Betty Hobizal and Hazel Wright; employees of two different banks, Shirley Miller and Janice Menking; three friends of Jones, N. H. Gottwald, Lamar Marcellos Carroll, and Elmo Jones; and a handwriting expert, Lucille P. Lacy. According to Mrs. Wright, Jones was a small man approximately 5' 4" tall and weighed about 130 to 135 pounds. Mrs. Miller and Mrs. Menking each testified that because of their bank duties they had become familiar with the signature of Jones; that in their opinion the signature on the July will was not that of Jones. Mrs. Massey said that during the month of July 1972 (the month and year the questioned will was executed) she cleaned Jones' house and cooked his breakfast and lunch everyday; that he was so ill that he spent most of his time in bed; that his foot was so swollen he got around with difficulty; and that he had quit driving his car. Witnesses Gottwald, Carroll and Elmo Jones testified to the poor physical condition of Mark Jones during the time in question. Jones told both Carroll and Elmo Jones that his will was that prepared by Mr. Miller. The handwriting expert, Mrs. Lacy, testified that the signature on the July will was not that of Jones.

We note several conflicts in the evidence offered by the appellees with that of the appellant bearing on the issue of the identity of the signer of each of the wills. The conflicts are about these: size and height of Jones, his health as it affected his ability to drive a car to San Antonio, the genuineness of the signature on the July will. No rule of appellate review is more firmly settled than that the credibility of the witnesses and the weight to be given their testimony is for the jury or the court passing on the facts. And the above shows that the case presents a question simply of a conflict of evidence upon which the trial court's determination of the overriding issue of fact must be deemed conclusive here. See 4 Tex.Jur.2d, Appeal and Error—Civil § 839. We hold that there was ample evidence for the trial court's finding that Mark V. Jones, deceased, did not sign the July will; and that the finding was not so against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellant further contends that the uncorroborated testimony of a handwriting expert will not support a finding of forgery on a will and that the testimony of Mrs. Lacy, appellees' expert, lacks corroboration here; the judgment, therefore, cannot stand. She cites several out of state cases in support of her position.

We are not here required to determine whether Texas law necessitates corroboration of a handwriting expert. This is so because there is in the record here sufficient probative evidence of corroboration of the opinion of Mrs. Lacy that the signature on the July will is not genuine. Some of the pertinent facts and circumstances of corroboration are these:

1. Jones' regular attorney did not draw the July will; the scrivener of that will is unknown.

2. Jones was too ill to drive his car to San Antonio when the July will was executed.

3. Jones was a considerably smaller man than the signer of the July will.

4. The signature on the July will was not that of Jones, according to witnesses Miller and Menking.

5. Jones believed that he had executed only the April will according to witnesses Carroll and Elmo Jones.

6. There is no testimony about any romantic relationship of Jones with Mrs. Bibbs; whereas the beneficiaries of the April will are all natural objects of the testator's bounty.

We have carefully considered all of appellant's points of error, the record, and the evidence before the trial court. All of appellants' points of error are overruled.

The judgment of the trial court is affirmed.