### Mary J. FIELD, Appellant,

v.

### The CHARTER OAK FIRE INSURANCE COMPANY, Appellee.

### No. 4913.

Court of Civil Appeals of Texas, Eastland.

May 6, 1976.

Bob Hanna, Joanne Strauss, Abilene, Truman P. Kirk, Cisco, for appellant.

Aubrey L. Roberts, Jr., Sweetwater, for appellee.

WALTER, Justice.

This is a workmen's compensation case against The Charter Oak Fire Insurance Company. The jury found Mary J. Field did not receive an injury. From a take-nothing judgment, she has appealed.

She contends the evidence conclusively establishes as a matter of law she did receive an injury. She also contends the finding she did not receive an injury is against the weight and preponderance of the evidence.

Mrs. Field testified, in part, as follows:

"Q. Now, on January 23, 1973, what transpired that was any different from any other day?

A. The 23rd?

Q. I mean, the 29th. How did you get hurt?

A. How did I get hurt? It was break time, I'm not sure of the time, I think our break was at 10 until 10, and I know I remained at my machine; I believe I was putting my tickets on my work sheet, or making out my work sheet; I could possibly have been cutting me some more work, and I did this, and I started to get up out of my chair, and my feet, or heels slipped on the concrete, and I lost my balance and I either hit the chair, or . . . I really don't know how the chair was

turned over, but I turned it over and I fell into the chair, and then onto the floor, as I was grasping for the table that my tacker was on.

Q. And what, if anything did you feel at that time?

A. I felt pain.

Q. Where?

A. In my lower back."

Mrs. Field continued to work until February 22nd at which time she went to Dr. Heard, a chiropractor who did not appear as a witness.

Plaintiff started working at Hollywood Vassarette in Eastland in 1959. Following an operation on her back in 1966 or 1967, she returned to work until she took time out for a gallbladder operation. She is about five feet six inches tall, weighs approximately two hundred and twenty-five pounds, and is 44 years of age.

Several doctors testified about the nature and extent of her back problem, but there were no witnesses to the event she contends was the cause of her disability. Her doctor testified, in his opinion, Mrs. Field had a ruptured disc. One of the insurance company's doctors testified her discomfort was caused by "natural aging process from her stature and her build." By filing a general denial the insurance company put in issue and placed on Mrs. Field the burden of introducing evidence and securing a finding that she did receive an injury. Rule 92, T.R.C.P.

 It is well settled that a jury is not required to believe an interested party's testimony. *Broesche v. Bullock*, 427 S.W.2d 89 (Tex.Civ.App.-Houston (14th Dist.) 1968, writ ref. n.r.e.). Mrs. Field's testimony raised a fact issue only because she was an interested party. Before such testimony could be considered as conclusively establishing as a matter of law that she sustained an injury, her testimony would have to be clear, direct, and positive and free from any circumstances tending to discredit or impeach her testimony. This exception is applicable only when the opposite party has the means and opportunity of disproving the testimony of the interested witness and fails to do so. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company*, 391 S.W.2d 41 (Tex. 1965). The exception is not applicable.

We have considered the entire record and hold the finding of no injury is not against the great weight and preponderance of the evidence. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.