James C. REID, Appellant,

v.

Sue Carole REID, Appellee.

No. 5596.

Court of Civil Appeals of Texas, Waco.

June 30, 1976.

Rehearing Denied July 22, 1976.

Clark, Fisher, Gorin, McDonald & Ragland, Boyd Mangrum, Waco, for appellant.

Dan Francis, Waco, for appellee.

## OPINION

JAMES, Justice.

This is a suit for child support. Plaintiff-Appellee Sue Carole Reid, the natural mother, brought this suit against Defendant-Appellant James C. Reid for a court order for child support of Steve Russell Reid, a fourteen year old boy.

Trial was to a jury which found: (1) that the child was born to Plaintiff and Defendant on or about November 12, 1961; and (2) that Defendant should be required to pay $80.00 per month child support until the child reaches eighteen years of age, or until further orders of the court.

Pursuant to and in harmony with the jury verdict, the trial court entered judgment that Defendant James C. Reid be required to pay $80.00 per month child support beginning December 15, 1975, with a like payment on the 15th day of each succeeding month thereafter until the child shall have become eighteen years of age, from which judgment the Defendant appeals. We affirm.

Plaintiff and Defendant were formerly husband and wife, having been divorced by a judgment of the 19th District Court of McLennan County, Texas, dated June 30, 1961. In said judgment the court found that Sue Carole Reid was at that time pregnant and expecting a child, and in said judgment provided that when said child was born, that Sue Carole Reid would have full custody of same with James C. Reid being granted reasonable visitation rights, and ordered James C. Reid to pay "all reasonable and necessary hospital and doctors' bills incurred for the delivery and hospitalization of said child," and further ordered James C. Reid to pay $150.00 attorney's fees

for Sue Carole Reid's attorney. Both James C. Reid and Sue Carole Reid were personally present in court at the time their divorce case was heard and judgment pronounced, and each was represented by an attorney present in court at said time.

In the case at bar the trial court submitted two issues to the jury worded as follows, with the jury's answers appended thereto:

"Issue No. 1: Do you find from a preponderance of the evidence that Steve Russell Reid was born to Sue Carole Reid and James Clarence Reid on or about November 12, 1961?

Answer "we do" or "we do not."

ANSWER: We do.

"If you have answered the above issue "We do" then answer the following issue; otherwise do not answer the following issue:

"Issue No. 2: Find from a preponderance of the evidence the amount of money per month, if any, which James C. Reid should be required to commence paying for the support of the child, Steve Russell Reid, until said child reaches the age of 18 years or until further orders of this court.

"Answer in dollars and cents.

ANSWER: $80.00."

Appellant asserts five points of error. Points 1, 2, and 4 complain of the trial court's refusal to submit issues to the jury on what Appellant calls "controlling issues" which are respectively as follows: (1) the amount of money that the child may reasonably require for his support and maintenance; (2) the Appellant's ability to pay child support to or on behalf of the child; and (4) as to whether "there is presently alive a child born of the marriage." We overrule these points.

Appellant timely objected and excepted to the court's charge concerning the above matters, and carried them forward in his amended motion for new trial.

Article 11.13 of the Family Code provides:

"(a) In a suit affecting the parent-child relationship, except in a suit in which adoption is sought, any party may demand a jury trial.

"(b) The court may not enter a decree that contravenes the verdict of the jury, *except* with respect to the issues of the specific terms and conditions of access to the child, *support of the child,* and the rights, privileges, duties, and powers of conservators, on which issues the verdict, if any, is *advisory only.*" (emphasis supplied).

Rule 277, Texas Rules of Civil Procedure, among other things, provides:

"It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues. Inferential rebuttal issues shall not be submitted. The placing of the burden of proof may be accomplished by instructions rather than by inclusion in the question."

Rule 279, Texas Rules of Civil Procedure, provides in part as follows: " . . . Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue."

■ We are of the opinion, and hold, that the trial court fairly submitted the controlling issues herein, and that the Appellant's objections contained in points 1, 2, and 4 are "various phases or different shades" of the issues submitted. The issues submitted are in our opinion in keeping with the letter and spirit of Rule 277. Appellant's points 1, 2 and 4 are accordingly overruled.

■ Appellant's point 3 complains that there has been no finding of "a material and substantial change of circumstances and no finding that it would be in the best interests of any child." However, Appellant made no objection or exception to the court's failure or refusal to submit an issue or issues to this effect, and has thereby waived this point. Rule 279, Texas Rules of Civil Procedure.

Appellant's fifth and last point complains that the jury's answer to Special Issue No. 1 is not supported by factually sufficient evidence. We overrule this point.

As stated, the jury found in answer to Special Issue No. 1 that the child Steve Russell Reid was born to Sue Carole Reid and James Clarence Reid on or about November 12, 1961.

At the time of the divorce Sue Carole Reid was pregnant and expecting a child. She and Appellant were both personally present in court, each being represented by his own lawyer. In the divorce case, Sue Carole Reid was the Defendant and Cross-Plaintiff, and he (James C. Reid) was personally served with Defendant's Original Answer and Cross-action, in which she alleged and made known her pregnant condition. The court after hearing evidence granted the divorce, found that Sue Carole Reid was expecting a child, made provisions for custody and visitation to be effective at the time of the child's birth, and ordered James C. Reid to pay the doctor and hospital bills incident to such childbirth.

Sue Carole Reid testified that the child was born at Wichita Falls, Texas, on November 12, 1961, about four and a half months after the date of the divorce decree and that the child was a son and was named Steve Russell Reid. She testified in considerable detail about events that took place in the child's life from his birth to the present time, the details of which are not necessary to be recounted here. At the time of trial the child was fourteen years old. During all the years James C. Reid never came about or saw the child, and never paid any of the doctors' or hospital bills as ordered by the court in the divorce judgment, nor did he pay Mrs. Reid's attorney's fee as ordered in said judgment.

Appellant James C. Reid testified that he never knew Sue Carole Reid was expecting a child at the time of the divorce hearing, and had no knowledge that she may have borne him a son until the suit at bar seeking child support was filed. He also testi-

**836**

fied that he had no knowledge of the contents of the divorce judgment, and had never seen a copy of same until the instant suit for child support was filed. This testimony was hard to square with the fact of his presence in court at the time the divorce case was heard. At no time in his testimony did Appellant ever deny that Steve Russell Reid was his child.

We have carefully weighed the evidence in accordance with the test laid down by our Supreme Court in *In Re King's Estate* (1951) 150 Tex. 662, 244 S.W.2d 660, and find the evidence to be factually sufficient to support the jury's answer to Special Issue No. 1. In fact, the evidence is practically undisputed that Appellant was the father of Steve Russell Reid. Appellant's fifth and final point is overruled.

For the reasons hereinabove stated, judgment of the trial court is affirmed.

AFFIRMED.