MISSOURI PACIFIC RAILROAD
COMPANY, Appellant,

v.

Lula COOPER et al., Appellees.

No. 5696.

Court of Civil Appeals of Texas,
Waco.

Feb. 17, 1977.

Rehearing Denied March 17, 1977.

John L. Lancaster, III, Dallas, for appellant.

Ernest L. Sample, Beaumont, for appellees.

## OPINION

McDONALD, Chief Judge.

This is a suit by the surviving family members to recover for the death of Wilford Cooper and his wife Evinia for personal injuries to Sheronell, their daughter. The deaths and injuries occurred as the result of a collision between the Cooper's automobile and a Missouri Pacific freight train.

Trial was to a jury which found:

1) On February 2, 1969, at the time and on the occasion in question, defendant's railroad crossing over FM 413 near the Brazos River, which was involved in this case, was extra hazardous.

The court instructed: "A railroad crossing is extra hazardous when, because of surrounding conditions, it is so dangerous that persons using ordinary care cannot pass over it in safety without some warning other than the usual cross arm sign".

2) Defendant was negligent in failure to have an automatic signal at the crossing to warn vehicle or traffic.

3) Such negligence was a proximate cause of collision between the Cooper automobile and the train.

After striking one item of damages (not here in question) the trial court rendered judgment on the verdict for plaintiffs against defendant for $71,000.

Defendant appeals on 4 points contending:

1) There is no evidence to support jury finding 1, that the crossing was extra hazardous.

2) Jury finding 1, that the crossing was extra hazardous, is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

3) It was prejudicial error to admit evidence of the reputation in the community of the crossing for being extra hazardous or dangerous.

Wilford Cooper and wife and their infant daughter (and Mrs. Cooper's daughter) were occupants of an eastbound automobile which collided with the 110th car of defendant's southbound 113-car freight train, at night, in a fog, on February 2, 1969, at the railroad's grade crossing on FM Highway 413 in Falls County. The railroad had at the crossing its standard crossbuck sign (which contained no automatic signal with light or bell). There were no witnesses to the accident. Mr. and Mrs. Cooper were both killed, and the daughter received a broken arm.

Plaintiffs plead the crossing of Highway 413 and the railroad track was extra hazardous, and that the railroad was negligent in not taking extraordinary means to guard the crossing and warn motorists.

The witness Kilgore testified he knew of prior accidents that happened at this crossing; that the Bama pie salesman had an accident in daylight hours with a train at this crossing; that an elderly couple had an accident at this crossing. Over objection by defendant he further testified, this crossing had the reputation of being a dangerous crossing; that such reputation was by reason of accidents that had actually happened there before this accident occurred.

The witness Pearson testified he lives on FM 413; that he is familiar with the locality and the crossing where the accident occurred; that a mile from the crossing is a pretty tall hill, "and you cross the river bridge, and just as you cross the bridge you go across the railroad track"; that there was no "type of illumination there whereby the area would be lighted and would light the crossing so you could see a train there"; that there had been other accidents at this crossing; and over defendant's objection testified the crossing had "a reputation as an extremely dangerous crossing".

He further testified there were obstacles, namely trees, which prevented one from seeing a good long way in either direction. He steadfastly maintained there were obstructions to the view of a motorist at this location, in addition to the fog (which he said was more prevalent near the river than at other places), and under searching cross-examination refused to agree that visibility was unobstructed.

The witness Vardeman, brakeman on the train involved in the accident, testified the train was 113 cars long with 3 locomotives; that the train cars do not have any lights on them; that the train was travelling 45 miles per hour; that all trains run "extra" on this line, and are not on any schedule.

The witness Gibson testified it would take about 2 minutes and not more than 3 minutes for a train of 120 cars to clear a point at 45 miles per hour.

The witness Thomas, Missouri Pacific Claim Agent since 1959, testified he is familiar with all accidents during the 10-year period before 1969; that he knows of only the Bama pie truck accident at this crossing; that the Bama case occurred in daylight about noon; that he knows the reputation of this crossing as being not dangerous; that this crossing is over the main line between Fort Worth and Houston, and is a heavily used line.

An extra hazardous crossing may arise from permanent conditions. *Karr v. Panhandle & Santa Fe Ry. Co.*, 153 Tex. 25, 262 S.W.2d 925. And in a railroad crossing collision case, it is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony and to resolve conflicts and inconsistencies in testimony. *Ford v. Panhandle & Santa Fe Ry. Co.*, 151 Tex. 538, 252 S.W.2d 561.

The railroad company used long trains; the line on which the crossing here involved is a main line between 2 large cities; the trains are frequent but unscheduled; the cars are not lighted; travel is through the low area adjacent to the Brazos where fog is prevalent; the crossing was obscured; and without illumination of any kind at night. Prior accidents have occurred at this crossing, one of which was testified to by defendant as occurring in daylight.

We think the jury authorized to believe if a crossing was dangerous in daylight it was dangerous at night; from all the evidence that the crossing was extra hazardous; that the evidence is ample to sustain the finding; and that such finding is not against the great weight and preponderance of the evidence. *In re Kings Estate*, 150 Tex. 662, 244 S.W.2d 660.

In regard to the evidence the crossing had a reputation in the community for being an extremely dangerous crossing, we think such admissible. *Ft. Worth & Denver City Ry. Co. v. Looney*, CCA, NRE, 241 S.W.2d 322. In any event such evidence is harmless in view of the record as a whole. Rule 434 TRCP.

All defendant's points are overruled.

AFFIRMED.