Jnettie Lou SEETON, Appellant,

v.

AETNA CASUALTY AND SURETY COMPANY, Appellee.

No. 4859.

Court of Civil Appeals of Texas, Eastland.

April 1, 1976.

Charles L. Attaway, Attaway, Attaway & Attaway, Mesquite, for appellant.

G. David Westfall, Bailey, Williams, Westfall & Henderson, Dallas, for appellee.

WALTER, Justice.

In this Workmen's Compensation case, Jnettie Lou Seeton recovered a judgment for $3,609.00 and plaintiff has appealed.

She contends the findings of the jury that she did not sustain any total incapacity following her injury of January 10, 1974, and that her period of partial incapacity would end August 1, 1975, and that she had an average weekly wage earning capacity of $86.08 during her period of partial incapacity were against the great weight and preponderance of the evidence.

In the process of stocking the dairy case, Mrs. Seeton attempted to place a case of eggs, holding fifteen dozen eggs, on a shelf above her head and sustained an injury to her back. After undergoing conservative heat treatment and shots without relief, a myelogram was performed which revealed a ruptured lumbar disc. After removal of the disc and fusion of her back, she returned home. She was in the hospital approximately 27 days. She had done no work outside the home since her accident to the date of trial which began on April 28, 1975.

Surgery was performed by Dr. Glen Cherry, a neurosurgeon for the removal of a herniated disc. On the same date surgery was performed by Dr. Robert Goldberg, an orthopedic surgeon, by fusing a portion of her spine with bone taken from her hip.

The parties stipulated plaintiff sustained an injury on or about January 10, 1974, in the course of her employment for Great Atlantic & Pacific Tea Company. She was discharged from the hospital April 6, 1974, and had not returned to work at the time of trial.

We have considered the entire record and hold the finding of the jury that Mrs. Seeton did not sustain any total incapacity is against the great weight and preponderance of the evidence.

The judgment is reversed and the cause is remanded.