**James W. RAMSEY, Appellant,**

v.

**SENTRY INSURANCE, a Mutual Company, Appellee.**

**No. 5863.**

Court of Civil Appeals of Texas, Waco.

March 30, 1978.

Grant Liser, Brown, Herman, Scott, Dean & Miles, Fort Worth, for appellant.

Paul L. Peebles and Anne Gardner, Brown, Crowley, Simon & Peebles, Fort Worth, for appellee.

OPINION

JAMES, Justice.

This is a workmen's compensation case. Appellant James W. Ramsey alleged that he received an injury to his low back on or about May 30, 1975, while in the employment of Cletex Trucking, Inc., as a truck driver; that this injury caused him to suffer a herniated (ruptured) disc in his back and as a result he was totally and permanently disabled. The Appellee Sentry Insurance Company answered with a general denial and other pleadings not necessary to detail herein.

Trial was had to a jury which found:

(1) Plaintiff-Appellant Ramsey received an injury on or about May 30, 1975.

(2) That he was injured in the course of his employment.

(3) The jury failed to find that such injury was a producing cause of any total incapacity.

(4) The jury likewise failed to find that such injury was a producing cause of any partial incapacity.

(5) That Cletex Trucking, Inc. had notice of such injury within 30 days after its occurrence.

Based upon the jury verdict the trial court entered judgment that Plaintiff-Appellant Ramsey take nothing, from which he appeals.

Appellant's points of error assert that the jury's failure to find that Appellant's injury was a producing cause of any total incapacity or any partial incapacity is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. We sustain these points of error and reverse the trial court's judgment and remand the cause for retrial on the merits.

James W. Ramsey was thirty-three years of age at the time of trial. He had worked for Cletex Trucking on two separate occasions prior to his employment in question. He began work for Cletex Trucking the last time on October 18, 1974, as a truck driver.

He testified that he made hauls to five states driving a Mack truck with "on-the-road, off-the-road suspension," which jarred him and bounced him around. He said he first noticed a problem in December 1974 or January 1975 when he was on a trip to New Mexico. It started in his leg and hip but he continued to work. In May 1975, he began hurting so badly that he went to see a doctor. He first saw Dr. Steve Johnson in Cleburne, who in turn referred him to Dr. Thomas Rapp, an orthopedic surgeon, in Fort Worth. Dr. Rapp placed Appellant Ramsey in a hospital for traction where he remained for 10 days. Dr. Rapp then referred Appellant to Dr. Clayton Smith, a neurosurgeon, in Fort Worth. Dr. Smith first saw Ramsey on July 16, 1975, and after making the necessary examinations, performed surgery on the lumbar area of Appellant's spine on July 23, 1975. Dr. Smith found that Ramsey had suffered a ruptured disc; and after Ramsey's convalescence therefrom, Dr. Smith restricted Appellant from any activity requiring heavy lifting or climbing, bending, stooping or driving a truck. Dr. Smith further testified that within reasonable medical probability, Ramsey would be under these restrictions permanently.

In the case at bar, the jury found that Appellant Ramsey suffered an injury on or about May 30, 1975, in the course and scope of his employment. These findings are not challenged. From this starting point, it is undisputed that the Appellant suffered a ruptured disc in his low back which required surgery. It is also undisputed that he was hospitalized after this surgery and required a period of recovery, and as a result of this injury the Appellant cannot perform heavy work. There was only one injury before the jury, and the evidence conclusively shows that this injury caused some incapacity.

In passing upon Appellant's points of error challenging the factual sufficiency of the jury's failure to find total incapacity, and partial incapacity, we have carefully reviewed the entire record and weighed the evidence in support of and contrary to the jury's findings (or rather failure to find) in question, as we are obliged to do. *In re King's Estate* (1951) 150 Tex. 662, 244 S.W.2d 660.

We do not deem it necessary or advisable to detail all the evidence. Here, we are concerned with only one type of complaint or injury suffered by the Appellant, to wit, a low back injury. Jury findings establish that Appellant suffered the injury on or about May 30, 1975, in the course and scope of his employment. The evidence conclusively shows that this injury necessitated two periods of hospitalization and surgery for the removal of a ruptured disc, with a period of convalescence with some permanent residual disability. Under this state of the record we have no alternative but to hold that the jury's failure to find that the injury in question was a producing cause of any disability is so against the great weight and preponderance of the evidence as to be

manifestly wrong and unjust. See *Thomas v. International Insurance Co.* (Waco, Tex. Civ.App.1975) 527 S.W.2d 813, NRE; *Seeton v. Aetna Casualty and Surety Co.* (Eastland, Tex.Civ.App.1976) 535 S.W.2d 783, no writ.

The judgment is reversed and the cause is remanded for retrial.

REVERSED AND REMANDED.