The TRAVELERS INSURANCE COMPANY, Appellant,

v.

Thurman MANNING, Appellee.

No. 18010.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 16, 1978.

**238**

McBryde, Bogle & Green, and Bill F. Bogle, Fort Worth, for appellant.

Denbow & Wells, and H. G. Wells, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

The Travelers Insurance Company has appealed from a judgment in favor of Thurman Manning in a workmen's compensation case. Mr. Manning's judgment is based on a jury verdict of total and permanent incapacity and other supportive findings.

We affirm.

The record before us reflects that Manning was lifting a box of nuts weighing 110–150 pounds while on the job at Stratoflex, Inc. He testified to feeling a real sharp pain across his back and across his hips and immediately telling Van McCaslin, his "lead man", he had hurt his back. McCaslin admitted Manning had told him about hurting his back but that he did not see him do so. McCaslin said he told him to go see Dr. Risley that day but he put it off until the next day when he requested to be taken to the doctor, and was. (Manning said he went to see Dr. Risley, the company doctor, the *same* day he was hurt.) Dr. Risley treated Manning with pain pills and a heat pad for a week; X rays and a week of traction in the hospital followed; a myelogram was performed on him next and then Dr. Clayton Smith operated and removed a disc from the lower part of his back. Only Manning testified to Dr. Smith's removing the disc. More heat pads and pain prescriptions followed the operation, but Manning said the lower part of his back stayed sore and his legs (numbness) still bothered him. For two weeks at home Manning laid around and took medicine and treatments. Dr. Smith sent Manning back to Stratoflex with a note to put him to work as a test. Stratoflex did not use him. Then Dr. Smith told him there was nothing else he could do for him.

Manning went to Dr. VanZandt, a bone specialist, who put him in a back brace—no help—same sore back and numb leg. EMG was administered on two occasions. Another myelogram followed. Deposition testimony of Dr. VanZandt and Dr. Overton was read into the record. Dr. VanZandt and Dr. Overton operated. Dr. Overton removed a disc or part of a disc and Dr. VanZandt did a fusion in Manning's back. After some weeks of post operative examination and treatment, Dr. VanZandt told Manning he

could get out and do anything he was able to do but not to do anything that required hard manual labor.

Dr. VanZandt opined that Manning's back was disabled 15 to 20 percent; that he could do work involving some lifting, bending and stooping, but not on a continuing basis. He was also of the opinion that, if he did as much as 30 minutes, his back would not hold up. Also Dr. VanZandt said that Manning was precluded from "any manual labor . . . any . . . prolonged manual labor." He also concluded that the definition of partial incapacity fit Mr. Manning's situation.

Dr. Overton, in his deposition, testified to his operating and removing a disc or a part of a disc from Manning's back and finding adhesions and scars in Manning's back where he had previous surgery and "residual disc material . . . at that level." Also, his opinion was that Manning would not be able to engage in the usual activities required of a manual laborer in the future and that further surgery could not help his condition.

He did state that Manning could get and keep employment suitable to his condition which required some, but not all, of the usual tasks of a workman.

Points of error nos. 1 through 10 are to the effect that there was no evidence, insufficient evidence and that the jury's answer was against the overwhelming weight and preponderance of the evidence to support the jury's answer to special issue no. 3 that Manning's injury was a producing cause of any total incapacity and to the jury's answer to special issue no. 1 that Manning received an injury as defined in the court's charge or that in special issue no. 2 he received such injury in the course and scope of his employment.

All the above objections are to the effect that the trial court erred for such reasons in failing to grant judgment non obstante veredicto for Travelers or to grant it a motion for new trial.

■ We overrule points of error nos. 1 through 10, having concluded that there was sufficient evidence for the jury to have found that Manning was injured in the course and scope of his employment and that such injury was the producing cause of his incapacity. Manning's testimony of the sudden back pain when lifting the box of nuts and of his first operation, plus the testimony of a continuous sequence of treatments, medications prescribed, pain, inability to do prolonged work resulting in another back operation on which there was expert medical testimony of finding "residuals" of a former disc operation, plus the other testimony herein recounted make the circumstances conclusive enough to warrant the jury verdict in this case. *Texas Employers' Insurance Ass'n v. Hamilton,* 430 S.W.2d 285 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.).

From the evidence in the record we find some evidence of probative force to sustain the jury's finding of total and permanent disability. The deposition testimony of Dr. Overton and Dr. VanZandt that Manning's condition was permanent and that his back would not hold up to more than 30 minutes' continual lifting justified the jury's finding of total incapacity. In the light of Dr. VanZandt's statement that Manning's 15 to 20 percent permanent disability "would preclude any manual labor . . . any job that required any prolonged manual labor," we hold that the jury had sufficient facts to find permanent incapacity. We overrule points of error nos. 18, 19 and 20.

We overrule points of error nos. 11 through 15 concerning the jury's answer to special issue 3–A which directed the jury to "[f]ind the beginning date of total incapacity. (By stating month, day and year.)" The jury's answer was "Mar. 26, or 27, 1974". Travelers avers that the answer was not responsive to the question in its incorrect form, not determinative of any issue in the case and resulted in an incomplete verdict.

■ We do not agree. The jury's answer was in conformity with the testimony of McCaslin that Manning claimed injury on March 26, 1974 and was taken to the doctor on the next day and the testimony of Man-

ning that he was injured on March 26, 1974 and was taken to the doctor on the same day. Considering the testimony in its totality, we hold the answer of the jury to be sufficient, particularly in light of a total and permanent disability finding. We also hold the evidence to be sufficient to support the jury's answer and that it is not so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust and wrong. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

We overrule points of error nos. 16 and 17 and Travelers' contention that trial court erred in not admitting evidence of social security benefits being in excess of his earnings to show reasons for not returning to work, and Manning's living expenses and purchases of assets to impeach his claim that he had not been gainfully employed and was totally incapacitated.

We hold that trial court was within his discretion in refusing to admit such testimony, (even though limited in purpose), in view of the Collateral Source Rule. *Twin City Fire Insurance Company v. Gibson,* 488 S.W.2d 565 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.).

We do not hold Travelers' appeal to be frivolous.

Affirmed.