**CHERRY SPRINGS RANCH INVESTMENT, LTD., Appellant,**

v.

**Phillip GRAHAM, Appellee.**

**No. 6104.**

Court of Civil Appeals of Texas, Waco.

April 30, 1980.

Rehearing Denied June 5, 1980.

Samuel L. Boyd, Kelsoe & Ayres, Dallas, for appellant.

Lewin Plunkett and James N. Higdon, Plunkett, Gibson & Allen, San Antonio, Thomas W. Pollard, Pollard & Pollard, Kerrville, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Cherry Springs Ranch Investment, Ltd. from a take-nothing judgment in suit for damages against defendant Phillip H. Graham for negligently burning 110 acres of plaintiff's land.

Plaintiff sued defendant alleging that plaintiff owned 4,155 acres of land which was under development for sale in small tracts for a leisure community; that numerous expenditures had been made toward developing such property; that plaintiff contracted with defendant to remove dead cedar from the property; that on March 19, 1974 one of defendant's employees drove a 1967 pickup truck onto the property as a part of his employment by defendant; that the pickup truck began leaving a dotted trail of fire across the main pasture road; that flames came from under the hood of the pickup; that the butane and gasoline tanks caught fire and exploded; that nearby trees caught fire and burned 110 acres of live oak, spanish oak and cedar trees; burning both sides of the entrance to the ranch; that the pickup was operated by both gasoline and butane; that it was destroyed in the fire; that defendant and/or his employees were negligent in the inspection, maintenance and use of the pickup; that defendant negligently failed to remove a 60 gallon tank of butane from the bed of the pickup; that the burn decreased the market value of the development by $425. per acre for a total of $3,480,933; and alternatively damaged the 110 acres burned by $300. per acre for a total of $33,000.

Trial was to a jury to which the trial court submitted the following issues:

"1) Do you find from a preponderance of the evidence that the plaintiff suffered fire damage on or about March 19, 1974?"

To which the jury answered: "We do not".

If you have answered Issue 1 "We do" then answer Issue 2, otherwise do not answer any further issues.

2) Do you find that the fire on the occasion was due to negligence of the defendant, his agents, servants or employees, in the scope of their employment?

If you have answered Issue 2 "We do" then answer Issue 3, otherwise do not answer any more special issues.

3) Do you find that such negligence was a proximate cause of the fire damage to plaintiff?

If you have answered Issue 3 "We do" then answer Issue 4, otherwise do not answer any more issues.

4) State the difference in market value of plaintiff's land immediately before and immediately after the fire of March 19, 1974.

Issue 1 was not objected to by either party.

As noted the jury answered Issue 1 "We do not", and in accordance with the instructions in the charge did not answer Issues 2, 3 and 4.

Plaintiff moved the trial court to disregard the jury's finding on Issue 1 and render judgment for plaintiff for $943,474., or in the alternative empanel a jury to determine the existence of negligence, proximate cause, and damages sustained by plaintiff. Defendant moved for judgment on the verdict. Plaintiff further moved for new trial which was denied by the trial court.

The trial court rendered judgment plaintiff take nothing.

Plaintiff appeals on 4 points contending among other matters, that the trial court erred in denying plaintiff's motion for new trial which was predicated upon the jury's sole finding being so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

During performance by defendant of the cedar removal agreement while defendant was on plaintiff's property a fire broke out on March 19, 1974. The fire originated from a 1967 Chevrolet pickup owned by defendant and used in the cedar removal operation. It was stipulated that 110 acres were burned. One witness testified the 110 acres had a market value of $650. per acre before the fire and $350. per acre after the fire. Another witness testified that the value of the property was penalized 30% by virtue of the fire. There are pictures in evidence showing the burned tree stumps and the burned out area. Defendant testified that the grass came back and that the pasture was improved by the fire; and that use of the property for hunting purposes was improved by the fire.

■ From the evidence as a whole we believe that the jury's answer to Issue 1, is against the great weight and preponderance of the evidence under the test laid down in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 and that the trial court should have granted plaintiff's motion for new trial.

We sustain plaintiff's contention supra.

■ Defendant by cross point asserts the trial court erred in overruling defendant's motion for a directed verdict at the close of the evidence, contending there was no evidence of negligence on the part of defendant. There is evidence the fire caught from the pickup; that the pickup had a twenty gallon gas tank, and a sixty gallon butane tank located on the bed of the pickup; that the pickup had no regular maintenance and little care; that both gas and butane tanks were full at the time of the fire; that the butane tank was connected to the engine by a rubber hose; that the hose melted and butane shot out of the hose as it melted. There is ample evidence from which a finder of fact could find defendant negligent. The trial court properly overruled defendant's motion for directed verdict, and defendant's cross point is overruled.

REVERSED and REMANDED.