IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00208-CV

 

Forrest Property Management, Inc.,

Forrest Cleburne Properties, LP,

Forrest Chevrolet-Cadillac, Inc.,

Forrest Pontiac-Buick-GMC Trucks, Inc.,

CHARLES
MICHAEL FORREST AND 

MARTHA
FORREST

                                                                                    Appellants

 v.

 

Eddie McGinnis and Citizens Bank,

                                                                                    Appellees

 

 

 



From the 249th District
Court

Johnson County, Texas

Trial Court No. C201000210

 



MEMORANDUM  Opinion



 

On April 19, 2011, Forrest Property
Management, Inc., Forrest Cleburne Properties, LP, Forrest Chevrolet-Cadillac,
Inc., Forrest Pontiac-Buick-GMC Trucks, Inc., Charles Micheal Forrest, and
Martha Forrest filed “appellants’ motion to extend time to file notice of
appeal.”[1] 
The underlying notice of restricted appeal was filed in the trial court on
April 19, 2011.[2] 
It states that the parties are intending to appeal the trial court’s judgment
signed on September 27, 2010 in Cause No. 200900529 in the 249th Judicial
District Court of Johnson County.[3]

In a restricted appeal, the notice of
appeal must be filed within six months after the judgment is signed.  Tex. R. App. P. 26.1(c).  An appellate
court may extend the time to file a notice of appeal if, within 15 days after
the deadline for filing the notice of appeal, the party files in the trial
court the notice of appeal and files in the appellate court a motion for
extension of time complying with Rule 10.5(b).  See Tex. R. App. P. 10.5(b), 26.3.  With
respect to the trial court’s September 27, 2010 judgment, the last day to file
a notice of restricted appeal was six months after September 27, 2010, or March
28, 2011.  A motion to extend time must have been filed by April 12, 2011.  In
a letter dated May 3, 2011, the Clerk notified Appellants that the Court might
dismiss this case for lack of jurisdiction because the notice of restricted
appeal and the motion to extend time appeared to be untimely.

Because the notice of restricted appeal
and the motion to extend time are untimely, we lack jurisdction over this
restricted appeal.  The motion to extend time is 

 

denied, and this appeal is dismissed for
lack of jurisdiction.  See Tex.
R. App. P. 42.3(a).

 

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and 

Justice
Scoggins

Appeal
dismissed; motion to extend time denied

Opinion
delivered and filed June 29, 2011

[CV06]








 









[1] Initially, the motion to extend was
filed in case number 10-10-00273-CV, as that case number was listed in the
motion’s style and that case involved most of the same parties.  We have
determined that the motion should have been filed as a new appeal.

 





[2] We assume without deciding that this
case is properly characterized as a restricted appeal.

 





[3] The District Clerk has provided us with
a file-marked copy of the judgments, as have Appellees with their response to
Appellants’ motion to extend time.








mark case in which it was decided that while
the Texas Supreme Court may not have jurisdiction to conduct a factual
sufficiency review, the Texas Supreme Court, nevertheless, has jurisdiction to
determine whether the proper standard of review was used in the court of
appeals’s factual sufficiency review.  See In Re King’s Estate,
244 S.W.2d 660 (Tex. 1951); see also Pool v. Ford Motor Co., 715
S.W.2d 629, 634-635 (Tex. 1986).  The Court of Criminal Appeals has likewise
acknowledged the need to review an intermediate appellate court’s procedure and
standard applied even in areas where the Court did not otherwise have
jurisdiction.  See Roberts v. State, 221 S.W.3d 659, 662-663 (Tex. Crim. App. 2007).

            For the foregoing reasons I
respectfully dissent to the opinion on rehearing [on remand].

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
Opinion to Opinion on Rehearing [on Remand] delivered and filed on April 9,
2008